CLARINDA B. STOVER, Appellant, v. JAMES A. STOVER, Respondent.

**No. 1312.**   (66 Pac. 766.)

**Divorce: Custody of Children: Findings: Sufficiency.**

In a suit by the wife for divorce, findings that the husband willfully and without excuse had deserted plaintiff, and failed to support her and their children, though he had the ability to do so, and that plaintiff was financially unable to maintain the children, are insufficient to warrant a decree granting a divorce, but awarding the custody of the children to the husband.

(Decided November 25, 1901.)

Appeal from the Third District Court, Salt Lake County.— *Hon. S. W. Stewart,* Judge.

Action for divorce, alimony and custody of children. From a decree, granting divorce and alimony, in favor of the plaintiff and awarding the custody of the children to the defendant, the plaintiff appealed.

REVERSED.

*Messrs. Smith & Walton* for appellant.

The court erred in awarding to the defendant the custody of the children; and the decree in that respect is inconsistent with the findings of fact made by the court, and the first conclusion of law.

From the finding that plaintiff was not the one at fault,

but that defendant causelessly deserted and failed to provide for plaintiff, though having ability to support his family, and a failure to find that defendant's pleaded accusations against plaintiff were well founded, one is naturally led to the conclusion that plaintiff rather than defendant is entitled to the custody of the children, and that at least plaintiff should have opportunity to visit her young. We are at a loss to imagine the process of reasoning by which from the premises in this case the conclusion was reached which is embodied in the decree fixing the status of the children. The mother is preferred to the father when the child is of tender years. 2 Bishop, M. & Div., 1164 and 1196.

*Mathonihah Thomas, Esq.,* for respondent.

BARTCH, J.—This was an action for divorce, alimony, and custody of children. At the trial the court held that the plaintiff was entitled to, and granted her, a decree *a vinculo matrimonii,* and awarded her $25 permanent alimony, but awarded the custody of the four children, all minors, to the defendant. This appeal is from that portion of the decree which relates to alimony and the custody of the children, and the appellant insists that as to those points the decree is inconsistent with the findings of fact and the first conclusion of law, and that it is not supported by the findings of fact. The evidence is not before us, and, therefore, in determining the question presented, we must have reference solely to the findings and decree. The findings of fact, so far as material here, read as follows: "(4) That said defendant willfully, and without just cause or excuse, did desert said plaintiff on or about the thirty-first day of June, A. D. 1897, and since that time has failed to provide for said plaintiff as his wife. (5) That said defendant has the ability to support, and is willing to care for, maintain, and educate, the children aforesaid, the issue of said marriage. (6) That said plaintiff has not the ability,

financially or morally, to care for, maintain, and educate the children aforesaid. (7) That defendant has no property, real or personal." The words "or morally," in the sixth finding of fact, were afterwards, on motion, stricken out, upon the ground that there was no evidence to support such finding, and that those words had been inadvertently inserted. The first conclusion of law reads: "That the plaintiff is entitled to be awarded a decree of divorce on the ground of desertion and failure to support." The decree reads: "And it is therefore hereby ordered, adjudged, and decreed that the bonds of matrimony heretofore existing between plaintiff and defendant be, and they are hereby, forever dissolved; that defendant herein be, and he is hereby awarded the sole care, custody, and control of each and all of said children, the issue of said marriage, to-wit, Walter L., Virginia E., Daniel C., and Margaret F. And it is further ordered, adjudged, and decreed that the plaintiff be awarded the sum of twenty-five dollars as and for permanent alimony, and the additional sum of twenty-five dollars attorney's fees, and costs of court. Done in open court this twelfth day of March, A. D. 1901."

It is quite clear from a perusal of these findings and decree that they are inconsistent with each other, and that the decree is not supported by the findings. It will be noticed that the decree was granted at the instance of the wife, upon the court finding that her husband had "willfully, and without just cause or excuse," deserted her and failed to provide for her, and that she was granted but a paltry sum as permanent alimony, although it appears that he was able to support his family. It also appears that the custody of the children was taken from the one who was found to be innocent, and given to him who alone was found to be at fault. If these findings are fair deductions from the evidence, then every principle of justice demands that the husband should be compelled, by reasonable allowance of alimony, to support his wife and children, and forbids that the wife should be

granted a decree of divorce at the expense of the loss of the society of her children. It is difficult to see by what process of reasoning this can be otherwise. Both parents are equally near to the children in blood. Presumptively, the love of a mother for her children is no less strong than that of the father; nor, as a rule, will her care for them, with equal means, be less effective than his. By the very law of nature, her claim to their custody is not inferior to his. Why, then, should he who is found to have violated his marriage vow, rather than the mother, who is found to have been innocent, be awarded the custody of minor children? Reflection reveals the injustice. As a general rule, in such cases, it would seem that their custody should be awarded to the parent who is innocent. This rule, however, is not without exceptions, as where, on account of some disability, such award to the innocent parent would be inimical to the best interests and welfare of the children; and, it is true, there are cases where the court is justified in awarding such custody, even to third parties, if the interests of the children will be thereby best subserved. A court will jealously guard their interests. But, aside from such exceptions, courts will always lean strongly to the innocent parent, in determining the custody of minor children in divorce proceedings. "The innocent parent, on whose prayer the divorce is granted, will, as a sort of rule, not without exceptions, have the custody. In some of the states this is nearly or quite of course. A woman compelled by her husband to resort to divorce 'ought not,' in the words of Sir C. Cresswell, 'to obtain it at the expense of losing the society of her children.' Therefore, and because one who has done well or ill in the marriage relation will be likely to do the same in the parental, all courts lean palpably to the innocent parent in the divorce, when determining the consequential custody of a child." Bish. Mar., Div. and Sep., sec. 1196.

As the evidence is not before us, we are unable to change or modify the findings or decree. Nor are we able to ascer-

tain whether the proof or the real facts in the case warrant the court in awarding the custody of the children to either of the parents, or whether it would be more conducive to their welfare to place their custody in the hands of a third party, if a suitable one can be found. The case must therefore be reversed as to the points embraced in this appeal, and remanded to the court below, with directions to grant a new trial as to those points. The costs are to be paid by the respondent. It is so ordered.

MINER, C. J., and BASKIN, J., concur.