## ADAMSON v. ADAMSON et al.

No. 3422.    Decided March 6, 1920.    (188 Pac. 635.)

1. DIVORCE—GRANTING OF ALIMONY DISCRETIONARY. The granting or withholding of alimony is a matter within the sound discretion of the court.[1]    (Page 549.)

2. DIVORCE—REFUSAL OF ALIMONY HELD NOT AN ABUSE OF DISCRETION. Where wife was engaged in a business paying her about $100 a month, and was joint owner with husband in property renting for thirty dollars a month, and where husband was addicted to drink, was without business, and had no property, except the joint interest with the wife in such property and a small lot worth less than $100, the court's refusal, in giving wife a divorce, to grant her alimony, *held* not an abuse of discretion.    (Page 549.)

[1] *Stover v. Stover*, 24 Utah, 92, 66 Pac. 766.

Appeal from Third District.

3.  DIVORCE—COMPLAINT HELD INSUFFICIENT AS A CREDITORS' BILL.
    Complaint, in wife's action for divorce and alimony and to set
    aside an alleged fraudulent conveyance of real property from
    husband to his father, was not sufficient as a creditors' bill,
    where it did not show that plaintiff had procured a judgment
    or that defendant was insolvent.[2]   (Page 550.)  ·
4.  DIVORCE—HUSBAND'S CONVEYANCE IN PROPERTY JOINTLY OWNED
    WITH WIFE HELD NOT FRAUDULENT.   Husband's conveyance of
    his interest in property jointly owned with wife, but on which
    they did not reside, was not fraudulent as to the wife, who
    thereafter secured a divorce on the ground of desertion and
    failure to provide, notwithstanding Comp. Laws 1917, sections
    2908, 2992, providing, respectively, that exemption of homestead
    shall continue in favor of wife upon husband's desertion, and
    that husband cannot remove wife from homestead without her
    consent, without in good faith providing another homestead;
    such statutes having reference only to property on which the
    husband and wife reside.[3]   (Page 550.)
5.  DIVORCE—HUSBAND'S CONVEYANCE OF PROPERTY JOINTLY OWNED
    WITH WIFE HELD NOT VOID AS TO WIFE, THEREAFTER PROCURING
    DIVORCE.   Husband's conveyance of his interest in property joint-
    ly owned with wife, not constituting a homestead, was not void
    as to wife, who thereafter obtained a divorce, in which court,
    under Comp. Laws 1917, section 3000, in rendering decree, de-
    termined the property rights of the parties; the husband having
    had the right to sell his interest without wife's consent, subject
    only to wife's one-third interest in case she continued to be his
    wife and survived him notwithstanding section 8346.   (Page
    551.)
6.  DIVORCE—EVIDENCE HELD TO SHOW PURCHASE OF HUSBAND'S PROP-
    ERTY IN GOOD FAITH AND FOR FULL VALUE.   In wife's action for
    divorce and for cancellation of husband's alleged fraudulent
    conveyance of interest in land to his father, evidence, held to
    support finding that the father purchased the property in good
    faith and paid full value therefor.   (Page 552.)
7.  DIVORCE—PURCHASE OF PROPERTY FROM HUSBAND ON INSTALL-
    MENTS NOT CONCLUSIVELY FRAUDULENT.   The fact that price of
    property purchased from husband was paid in installments is
    not conclusive of fraud, but at best only raises a presumption.
    (Page 552.)

Appeal from District Court of Salt Lake County; *W. H.
Bramel*, Judge.

[2] *Enright* v. *Grant*, 5 Utah, 334, 15 Pac. 268; *Idaho Wholesale
Grocery Co.* v. *Robinson*, 182 Pac. 357.

[3] *Nielson* v. *Peterson*, 30 Utah, 391, 85 Pac. 429.

Action by Martha A. Adamson against Andrew Adamson, Jr., and another.

From the judgment rendered, plaintiff appeals.

AFFIRMED.

*J. W. Rozzelle* and *Walton & Walton,* all of Salt Lake City, for appellant.

*King, Braffet & Schulder,* of Salt Lake City, for respondents.

THURMAN, J.

This is an action for divorce and alimony and to set aside an alleged fraudulent conveyance of real property. It is also alleged in the complaint that the defendant Andrew Adamson, Jr., has in his possession certain shares of mining stock in various mining companies, and that he, for his own use and benefit, has delivered the same to the other defendant.

The proceeding for divorce was not contested, and a decree therefor, without alimony, was entered. The court also found that the defendant Andrew Adamson, Sr., did not have the mining shares in his possession, nor had he sold or disposed of them, or was holding them for the use of the other defendant.

The findings of the court concerning the divorce and shares of mining stock are not in question. The findings in relation to alimony and fraudulent conveyance of the real property are the only questions to be determined.

As to the real property, the complaint in substance alleges that on or about the 19th day of March, 1916, plaintiff and her husband, Andrew Adamson, Jr., were the joint owners of certain real property, each owning an undivided one-half thereof, in Murray City, Utah, upon which was a building consisting of two apartments of four rooms each, of the value of $3,000; that said defendant was also the owner of another

parcel, a lot containing about twenty-four square rods, in the same neighborhood, of the value of $150; that on or about the 20th day of the same month said defendant, her husband, in violation of her rights, believing that she was about to commence a suit for divorce and in order to defraud her of her said rights in the property, and to prevent the court from awarding said property to her, executed and delivered to the defendant Andrew Adamson, Sr., a bogus conveyance of said property. It alleges upon her information and belief that the said Andrew Adamson, Sr., who is the father of Andrew Adamson, Jr., without consideration, accepted said conveyance, and ever since has wrongfully pretended to be the owner of the property, but, as plaintiff is informed and believes, said defendant holds said property for the use and benefit of the other defendant.

Plaintiff also alleges in an amendment to her complaint that defendant Andrew Adamson, Jr., at the time of said conveyance, was indebted to her in the sum of $2,300, and that said conveyance was made to defraud her of said indebtedness, and of any alimony that might be awarded her by the court; that said defendant Andrew Adamson, Sr., was cognizant of the state of affairs existing between her and her husband.

The allegations of fraud in the conveyance, and that no consideration was paid therefor, were denied by the defendant Andrew Adamson, Sr., who alleged that he paid for said property the fair market value.

As to the alleged fraudulent conveyance, the court found the issues in favor of the defendant Andrew Adamson, Sr., and that plaintiff was not entitled to alimony in the divorce proceeding. Judgment was entered, quieting the title of said defendant to the property in controversy. Plaintiff appeals, and assigns as error the failure to allow alimony and numerous findings of the court relating to the transfer of the property.

There is nowhere in the assignments of errors, and nowhere in the record, any attempt on the part of appellant to specify particulars in which the evidence is insufficient, notwithstanding practically every finding of the court is challenged on

that ground.  Rule 26 of the practice and procedure of this court in that respect is entirely ignored.  The fact that respondent does not raise the objection is not sufficient to justify our passing the matter by without calling it to the attention of the parties litigant.  It should be remembered that the rule in question was adopted to inform the court, as well as opposing counsel, of the particular features of the evidence, or omissions therein, upon which the party appealing relies. Where no attempt is made to comply with the rule, the court is oftentimes compelled to wade through masses of unimportant testimony, in order to find that which is material to the error assigned.  This has a tendency to produce voluminous opinions, for which the court is sometimes criticized, especially by members of the bar.

With these observations, which are intended only as a reminder of duty, we will proceed to a consideration of the merits.

The evidence tends to show that, commencing with the year 1909 and down to the year 1916, several divorce proceedings occurred between the plaintiff and her husband.  It seems to have become a fixed habit for one or the other of them to institute proceedings every once in a while, prior to the commencement of the present action.  In the month of March, 1916, plaintiff and her husband were joint owners of a residence property in the town of Murray, Salt Lake county, of the value of about $2,500.  The property consisted of two apartments each containing four rooms and a bath, and was being rented for about thirty dollars per month.  At the time referred to there seems to have been a temporary suspension of hostilities between the parties; nevertheless there were mutterings of discontent portending the probability that another action by plaintiff might be commenced at any time.

Defendant Adamson, Jr., husband of the plaintiff, had been trying for some time to sell his interest in the real property which is the subject of this action, but was unable to find a purchaser.  He and plaintiff had separated some time before, and were living apart at the time referred to.  Plaintiff had refused to join in the conveyance, so that he was seeking to

dispose of his interest alone. About this time he negotiated a deal with his father, the other defendant, who purchased the property, paying therefor the sum of $1,250; $250 was paid in cash, the remainder in two installments, $500 during the same year and $500 in the next year succeeding. More than a year elapsed thereafter before this action was commenced. During that interval there was more or less trouble between plaintiff and Adamson, Sr., concerning the rent of the property. There was also litigation between him and some of the tenants. It is quite clear, however, from the testimony, that plaintiff received substantially all the rent money from the premises and paid the taxes assessed thereon.

For the last four or five years plaintiff has been living in Salt Lake City, conducting a rooming house, by means of which she has made her living. Her husband, during periods of amicable relations, lived with her down to about the year 1915, since which time they have been living apart. The evidence also tends to show that plaintiff's husband was indebted to her in the sum of about $2,300 at the time he conveyed the property to his father.

There is no evidence in the record concerning the question of alimony, the amount that should be awarded, defendant's ability to pay, or that plaintiff's necessities require that alimony should be allowed. Plaintiff's rooming house business was paying her about $100 per month. Besides this, she had her interest in the residence property in question. As to whether she had any other property the record is silent. The defendant husband was addicted to drink, was without business, and as far as the record discloses had no property, except the property in dispute and the small lot referred to, which, as shown by the evidence, was worth less than $100, and was included in the conveyance made to his father. In these circumstances, the court, while granting the divorce for desertion and failure to provide, refused to allow alimony or costs of suit.

The granting or withholding of alimony in a divorce proceeding is a matter within the sound discretion of the court. In the case at bar we are not disposed to hold          1, 2

that the discretion was abused. There were no minor children dependent upon plaintiff. She had, as herein shown, a business which provided her with a living, and without some evidence indicating that plaintiff was in needy circumstances, and that defendant was able and ought to contribute to her support, we do not feel warranted in holding that the conclusion of the trial court was error. Besides this, as before suggested, there was no testimony whatever concerning alimony, or the necessity therefor, or as to any specific amount.

The case of *Stover* v. *Stover*, 24 Utah, 92, 66 Pac. 766, cited by appellant, sheds no light on the question here. The court in that case granted a divorce to the wife on the grounds of desertion and failure to provide. It found that defendant was able and willing to support, maintain, and educate the children, and that the plaintiff was not. It awarded the custody of the minor children to the defendant, and awarded alimony to the plaintiff in the sum of twenty-five dollars. The point was made that the decree was inconsistent with the findings, and this court reversed the judgment. A casual glance at the case discloses the fact that it differs from the case at bar in nearly every essential particular. This is the only case cited by appellant on this particular question. We find no error in the conclusion reached by the trial court.

The court found that the conveyance was not fraudulent and that Andrew Adamson, Sr., by the conveyance in question became the owner of the property. This finding is the subject of attack by nearly all the assignments of error. In its written opinion, made part of the bill of exceptions, the trial court held that the complaint is not sufficient as a creditors' bill inasmuch as it does not show that plaintiff had procured a judgment or that defendant was insolvent. The court cites the following authorities which seem to support its contention: 5 Ency. Pl. & Pr. 562; *Enright* v. *Grant*, 5 Utah, 334, 15 Pac. 268; *Idaho Wholesale Grocery Co.* v. *Robinson*, 182 Pac. 357.

Appellant's counsel in their reply briefly recite the fact that the divorce was granted on the ground of desertion and failure to provide. They then call our attention

to Comp. Laws Utah 1917, section 2908, which pro-
vides that in case the husband or wife deserts his or her
family the exemption of homestead shall continue in favor of
the one residing on the premises. Manifestly this has no ap-
plication to the property in dispute, for it had not been re-
sided on by either of the parties for several years. Counsel
also refer to section 2992 of the same statute, which provides
that neither the husband nor the wife can remove the other or
their children from their homestead without the consent of
the other, unless the owner of the property shall in good faith
provide another homestead suitable to the condition in life
of the family. Clearly this provision also relates to a home
where the family resides. In the present case the wife was
living in Salt Lake City, and had been for many years, and
in any event she owned a half interest in the premises in ques-
tion, which consisted of two apartments, and no attempt was
made to deprive her of her interest in the property.

Counsel also refer us to section 8346 of the same statute,
which makes it a felony for any person to falsely represent
himself as competent to sell or mortgage any real estate to the
validity of which sale or mortgage the assent or concurrence
of his wife is necessary. In view of the fact that this court, in
·Nielson v. Peterson, 30 Utah, 391, 85 Pac. 429, held that,
where no declaration of a homestead has been made by either
husband or wife, a mortgage given by the husband was valid
and subject to foreclosure, it is difficult to understand what
application can be made of that section to the case at bar.
There is no pretense here that either husband or wife had
made a declaration of homestead concerning the property in
controversy. Under the authority above cited the husband
had the right to sell his interest, subject only to his
wife's one-third interest in case she continued to be his
wife and survived him. In this case she did not con-
tinue to be his wife; she procured a divorce in the present
action, and the court, in the same decree which gave her a
divorce, likewise determined the property rights of the par-
ties. This the court had the power to do. Comp. Laws Utah
1917, section 3000, provides that, where an interlocutory de-

cree of divorce is made, the court may make such order in relation to the children, property, and parties, and to maintenance of the parties and children, as shall be equitable.

Counsel refer us to other sections of the Compiled Laws, but in our opinion they have no bearing upon the question here presented. It is extremely doubtful if we have not gone further than we should have done in considering the questions relating to homestead and homestead rights. No such question was raised in the court below, and as far as the record discloses the trial court had no opportunity to consider it. The complaint makes no claim of homestead rights, nor did the contention of plaintiff in the trial court present any such question.

The testimony in this case strongly tends to show that the defendant Adamson, Sr., purchased the property in good faith, and the testimony is quite conclusive that he       6, 7 paid for it all that it was worth. The plaintiff herself testified the value of the entire property was $2,500. Defendant paid half that sum for a one-half interest. The fact that the amount was paid in installments is not conclusive of fraud. At best it only raises a presumption. The court undoubtedly, in arriving at its conclusion, considered this feature, together with the other circumstances disclosed by the evidence.

After a careful review of all the evidence, we are not prepared to hold that any finding of the court is against the clear preponderance of the evidence, or that the conclusions and decree are not supported by the findings.

The judgment of the trial court is affirmed, at appellant's cost.

CORFMAN, C. J., and FRICK, WEBER, and GIDEON, JJ., concur.