## CAIN v. PARFITT et al.

No. 2818.    Decided Feb. 8, 1916.    On application for Rehearing, June 20, 1916.    (158 Pac. 448.)

1. MECHANICS' LIENS — DEFENDANTS — JOINDER — STATUTE. Under Comp. Laws 1907, Section 2914, providing that any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, one who, under a contract for sale of land, by installments, claims a lien prior and superior to mechanics' liens on the property, although not an indispensable party, was properly made a defendant in the proceeding to enforce the mechanics' liens, for the purpose of determining the amount and character of his claim.[1]    (Page 85.)

2. JUDGMENT—AS BAR—FORMER JUDGMENT ON SAME CAUSE OF ACTION. In an action to foreclose a contract for purchase of land because of a breach by failure of the purchaser to pay installments, where plaintiff was made a defendant in a prior

[1]Sweetser v. Fox, 43 Utah, 45, 134 Pac. 599, 47 L. R. A. (N. S.) 145.

Cain v. Parfitt et al., 48 Utah 81.

action by holders of mechanics' liens on the property, and answered, setting forth his contract, its breach, and claiming a lien prior and superior to the mechanics' liens, and obtained a judgment to the full extent of his claims, there .was a binding adjudication of his claims, and he cannot bring another action to foreclose the lien.   (Page 86.)

Appeal from District Court, Third District; *Hon. F. C. Loofbourow*, Judge.

Action by Addison Cain against George H. Parfitt and A. Parfitt, co-partners, doing business under the firm name and style of Parfitt Plumbing Company, and others.

Judgment for plaintiff.   Defendants appeal. '

REVERSED AND REMANDED, WITH DIRECTIONS.

*C. E. Norton* and *H. J. Fitzgerald*, for appellants.

*F. E. McCracken*, for respondent.

### APPELLANT'S POINTS.

For the purpose of ascertaining the identity of the causes of action, the authorities generally agree in accepting the following tests as sufficient:

Would the same evidence support and establish both the present and the former cause of action? If so, the former recovery is a bar; if otherwise, it does not stand in the way of the second action.   (*Stone* v. *U. S.*, 64 Fed. 667; *Jones* v. *Hillis*, 100 Fed. 355; *Lawrence* v. *Vernon*, Fed. case No. 8, 146; *Gates* v. *Goreham*, 5 Ut. 316, 26 Am. Dec. 303; *Riker* v. *Hooper*, 35 Ut. 457, 82 Am. Dec. 303; *Smith* v. *Whiting*, 11 Mass. 445; *Percy* v. *Foote*, 36 Com. 102; *Miller* v. *Manice*, 6 Hill (N. Y.) 114; *Stowell* v. *Chamberlain*, 60 N. Y. 272; *Marsh* v. *Pier*, 4 Rawle (Pa.) 273, 26 Am. Dec. 131; *Motley* v. *Harris*, 1 Lea (Tenn.) 577; *People* v. *Rickert*, 159 Ill. 496, 42 N. 9. 884; *Gayer* v. *Parker*, 24 Nebr. 643, 39 N. W. 845, 8 Am. St. Reps. 227; *Pratt* v. *Ratliff*, 10 Okla. 168, 61 Pac. 523; *Taylor* v. *Castle*, 42 Cal. 367; *Woolverton* v. *Baker*, 98 Cal. 628, 33 Pac. 731; *Bruce* v. *Foley*, 18 Wash. 96, 50 Pac. 935.

FRICK, J.

On November 29, 1913, the plaintiff commenced this action against George H. and A. Parfitt, as co-partners, Thomas A. Davis, West Temple Terrace Company, a corporation, and Graham Lawrence, to foreclose a certain contract of purchase, whereby West Temple Terrace Company, hereinafter called the company, purchased from the plaintiff a certain parcel of real estate, which is specifically described both in the complaint and in said contract of purchase.

It is, in substance, alleged in the complaint that on the 21st day of November, 1910, said company entered into a contract with the plaintiff, whereby it purchased the real estate described therein for the sum of $1,200, of which sum $200 was paid in cash and the remainder said company agreed to pay in monthly installments of twenty dollars each, commencing with the month of January, 1911; that said contract was duly recorded in March, 1911; that it was therein provided that in case default should be made by said company in making any of said monthly payments, the plaintiff "was authorized to declare the whole amount due and payable at once," and that thereafter the interest on said indebtedness should be increased from eight to twelve per cent. per annum; that prior to the 15th day of March, 1911, said company made default on its monthly payments, and that the plaintiff then elected to, and did, declare the whole amount due as in said contract provided. It is further alleged that on July 5, 1913, the defendants George H. and A. Parfitt, Davis and a number of others, obtained judgments in an action against said company for the foreclosure of certain mechanics' liens against the property in question; that said defendants George H. and A. Parfitt and Davis, by reason of said judgments, claimed some interest in the real estate described in said contract, but that such interests are inferior to plaintiff's lien under said contract for the reason that said contract was given for the purchase price of the real estate in question. The amount due on the contract was alleged to be $980, with interest at twelve per cent. from March 15, 1911, and plaintiff demanded the sum of $250 in addition as an attorney's fee.

The defendants George H. and A. Parfitt demurred to the complaint. The demurrer was overruled, and they filed an answer, in which they, in effect, denied the allegations thereof, and, in substance, averred that they, as co-partners, furnished material and performed labor for said company for the erection of a building on the premises described in the complaint and in said contract, and that on the 21st day of April, 1911, in compliance with the statute of this state, they perfected a mechanic's lien against the said company, which became a lien on the premises aforesaid; that said Davis and a number of others had, about the same time, also obtained mechanics' liens for materials furnished and labor performed for said company for the building being erected on said premises as aforesaid; that said George H. and A. Parfitt, pursuant to the statute of this state, in February, 1912, published notice of their intention to foreclose said mechanic's lien; that immediately upon the publication of said notice the said George H. and A. Parfitt commenced an action in the District Court of Salt Lake County against said company and against all other lien claimants, including the plaintiff herein, making all of them defendants; that all of said defendants, including the plaintiff herein, filed their verified answers in said action. The answer of the plaintiff filed in said action is made a part of the record, and by reference thereto it appears that the plaintiff, in said answer, made practically the same averments which are contained in his complaint in this action, and he there declared that he had elected to declare the whole amount specified in said contract as due and payable forthwith. The plaintiff also averred in said answer what payments had been made on said contract, which were the same as alleged in this action; that he is entitled to twelve per cent. interest and an attorney's fee. The court, in said action, found that there was due and owing to the plaintiff on said contract the sum of $980, with interest on said sum at the rate of twelve per cent. from March 15, 1911, precisely what is found due in this action. As a conclusion of law the court also declared said sum of $980 to be a first lien on the premises in question, and also allowed plaintiff an attorney's fee in the same amount that was allowed to the other mechanics' lien claimants as

provided by our statute. The court also allowed plaintiff the amount advanced by him for taxes and costs, the same as in this action. The court ordered foreclosed said mechanics' liens in favor of the lien claimants, found the amount due on each claim, and ordered the premises in question sold, subject, however, to plaintiffs' lien for said $980 and the taxes paid by him as aforesaid. The plaintiff, therefore, was given precisely the same relief in said action that he is given in this, except that in the present action he is awarded an additional sum of $250 as an attorney's fee. The record also discloses that the real estate in question was sold subject to plaintiff's claim to satisfy the mechanics' liens; that the defendants George H. and A. Parfitt purchased the property in question on said sale, and obtained a sheriff's deed therefor. It is further made to appear that the property has again been sold by a receiver to satisfy the amount found due on plaintiff's said contract, together with the taxes and attorney's fee as aforesaid. The defendants George H. and A. Parfitt, it seems, have, during all of the time the present proceedings were pending, objected, in season and out of season, to plaintiff's right to maintain the present action and to again foreclose said contract. Having failed in their object in the court below, they now, on appeal, invoke the aid of this court, and in substance contend that the trial court erred in overruling their demurrer, in permitting the plaintiff to maintain the present action, in allowing an additional attorney's fee, in appointing the receiver and in ordering the premises sold by the receiver to satisfy plaintiff's claim, and in confirming the receiver's sale.

It will be observed that the order of sale in the prior action was expressly made subject to the amount found due to plaintiff on his purchase-price money contract, which was declared to be a first or paramount lien on the property in question, and to which all other liens were declared to be subject and inferior. The plaintiff was made a defendant in the preceding action, however, for the express purpose of determining the amount, as well as the character, of his claim. If it were assumed, therefore, that inasmuch as plaintiff claimed to be and was the holder of a prior and

superior lien on the premises in question, therefore he was
not an indispensable party to the action, yet, under our stat-
ute, Comp. Laws 1907, Section 2914, he was properly made a
defendant. That section, so far as material here, provides
that:

"Any person may be made a defendant who has or claims
an interest in the controversy adverse to the plaintiff."

It is generally held by the courts that under such a stat-
ute all who claim an interest in the premises upon which
liens are claimed by the parties claiming such liens are proper
defendants, notwithstanding that their liens may be prior and
paramount. It is, however, also generally held that they are
not indispensable parties to such actions.

The fact remains in this case, however, that the plaintiff
was made a defendant in the prior action which was com-
menced to foreclose the mechanics' liens. He appeared in
that action and set forth his contract, and asked that.
the whole amount be declared due and payable forth-
with; that his lien be declared to be superior to all the
mechanics' liens; that his claim from thenceforth bear twelve
per cent. interest, and that he be awarded an attorney's fee
as against the other lien claimants. All those claims were
considered and determined in his favor. The premises were
ordered sold, therefore, subject to his lien. Suppose that in
that action the court had adjudged plaintiff's claim to be in-
ferior to the mechanics' liens, and he had not assailed that
judgment on appeal, would he not have been bound thereby?
He was made a defendant the same as all other lien claimants
were, and, like all others, he set up his claim and had it ad-
judicated. Why is he not bound, as all others are bound, by
that adjudication? By what process of reasoning can he
again come into court and ask that his contract be again
foreclosed, and that he be awarded attorney's fees and costs
out of the property a second time? As a matter of course,
he did not lose his lien simply because the premises were sold
subject thereto, but that order did not give him the right to
bring a second action for the purpose of obtaining a second
judgment or decree of foreclosure of his contract. All that
he was entitled to was to have the premises sold and out of

the proceeds of sale to be paid the amount found due him in the action, together with the taxes, and interest on both items, and the attorney's fee allowed him in the first action. Plaintiff already had an enforceable judgment and the right to have it enforced continued until the judgment was satisfied or the right to enforce it was barred. In other words, that action, so far as plaintiffs' rights were concerned, continued to be pending until the judgment was satisfied. *Sweetser* v. *Fox*, 43 Utah 45, 134 Pac. 599, 47 L. R. A. (N. S.) 145. But instead of merely being allowed to enforce his claim he is not only awarded judgment for the same again, but is allowed an additional $250 as an attorney's fee when he already had been awarded an attorney's fee in the other action. This may not be done. The former action was purely equitable, and so is this one. It was the duty, therefore, of the court in both actions to protect the interests of all concerned. The property in question was, so to speak, the fund out of which all lien claimants were to be reimbursed. The surplus, if any, belonged to the owner of the property. In this case the property having been sold upon the order of the court in the prior action to the defendants George H. and A. Parfitt, they are entitled to all that remains after the amount found due the plaintiff in the first action is paid, unless there are other legitimate claims to which the proceeds equitably shall be applied. Suppose the Parfitts had come into court at any time before the plaintiff obtained judgment in the present action and had paid the amount found due him in the first action with taxes and interest, would it not have discharged the premises purchased by them under the first order of sale from all of plaintiff's claims against it? No one can doubt that. The situation was therefore the same as though they had discharged any other judgment which was a lien upon the premises.

True, one may bring an action upon a judgment and recover, but he may not bring a second action upon the original cause of action, as was done here. Then again, it is not at all likely that a court of equity would permit a claimant to exhaust the property or the fund by making unnecessary costs in bringing successive actions. Nor would any court be auth-

orized to allow an attorney's fee a second time upon the same cause of action. We are of the opinion, therefore, that the court erred in allowing out of the proceeds of sale the $250 as an attorney's fee. It is quite enough that plaintiff was permitted to carry along his claim at twelve per cent. interest. The court should have ordered the premises sold under the first judgment for all claims, including the plaintiff's, and should then have stopped the accruing of this excessive interest. The Parfitts, however, cannot complain of the court's action in ordering plaintiffs' claim under the contract to be paid out of the proceeds of sale. They have a right, however, to insist that the plaintiff shall not be given more than his claim, and that right we have sought to protect.

We have not discussed the assignment relating to the overruling of the demurrer, for the reason that, in our judgment, the defect urged by counsel against the complaint did not sufficiently appear upon the face of it to be reached by demurrer. Besides, we deem it quite as well to dispose of the case upon the whole record.

In view of the present state of the record the other assignments are really not before us for review, and for that reason we express no opinion upon them.

The judgment of the district court by which the plaintiff was awarded the sum of $250 as an attorney's fee is therefore reversed, and the cause is remanded to the District Court of Salt Lake County, with directions to set aside its findings of fact and conclusions of law by which it allowed the plaintiff said sum of $250 as an attorney's fee, and that it enter an order or judgment, dismissing the complaint filed in this action as against the appellants George H. and A. Parfitt, and that it enter judgment requiring the plaintiff to repay the said appellants said sum of $250, with interest and costs. Appellants to recover costs on this appeal.

STRAUP, C. J., and McCARTY, J., concur.

On Application for Rehearing.

FRICK, J.

Counsel for respondent has filed a petition for a modification of the judgment. In view of the very unsatisfactory

condition of the record on appeal, we were in much doubt with regard to what the judgment should be. It is now made to appear that the judgment as it appears in the original opinion should, in some respects, be modified. It is further made to appear that the respondent did not actually receive the amount of the attorney's fee, although it was awarded to him and although the premises in question were sold. The judgment requiring the repayment of said attorney's fees should therefore be modified. It is further made to appear that there are other matters that should be left for the determination of the District Court. The judgment is therefore modified to read as follows:

The judgment of the District Court by which the plaintiff was awarded the sum of $250 as an attorney's fee is reversed, and the cause is remanded to the District Court, with directions to set aside its findings of fact and conclusions of law upon that question, and that it enter judgment disallowing the plaintiff any attorney's fee in this action; that in all other matters the cause is remanded to said court, and it is directed to make disposition of all matters in accordance with the evidence before it. Appellant to recover costs.

STRAUP, C. J., and McCARTY, J., concur.