## ROBERTS v. BERTRAM et al.

No. 2929. Decided February 24, 1917. (163 Pac. 787.)

1. PARTNERSHIP—ATTEMPTED ORGANIZATION OF CORPORATION. A sale of business and stock of merchandise by B. to R. and K., who intended to incorporate for their own benefit, but failed, and an agreement to take shares of stock as part payment, does, not make B. a partner as to R. and K. (Page 283.)

2. APPEAL AND ERROR—FINDINGS OF COURT—PRESUMPTIONS. On appeal the presumption is that the court's findings are correct, and unless this presumption is overcome the judgment will be armed. (Page 283.)

Appeal from District Court, Third District; *Hon. C. W. Morse*, Judge.

Action by George Roberts, Jr., against N. H. Bertram and another.

Judgment for defendant named. Plaintiff appeals.

AFFIRMED, with costs.

*Evans, Evans & Folland* for appellant.

*A. B. Sawyer, Jr.*, for respondent.

FRICK, C. J.

The plaintiff, hereinafter called Roberts, commenced this action in equity for an accounting upon the theory that he and the two defendants named were partners, and that the two defendants had received more than their share from the partnership business. He prayed judgment that an accounting be had, and that he recover such amount as may be found due him from the defendants. The defendant King made default, and he will be referred to hereafter simply because he is connected with the transactions, and not because he has any interest in the event of this suit. The defendant Bertram, hereinafter called Bertram, answered the complaint, and denied the alleged partnership, and set up at length the real

transactions upon which Roberts' claim is based, and demanded judgment against Roberts.

The case was referred and the referee, upon the theory that Roberts, King and Bertram were partners, found that Bertram was indebted to Roberts in the sum of $290.86. The district court refused to concur in or to adopt the findings of the referee, heard the evidence, and made findings of fact, in which it found that the parties above named were not partners, and further found that Roberts was indebted to Bertram in the sum of $328.16, with legal interest thereon from August 1, 1913, that being the date on which a certain agreement in writing was entered into between Roberts and King on the one hand, and Bertram on the other, and which will again be referred to hereinafter.

The material facts developed at the trial are, in substance, as follows: In June, 1913, Bertram owned a certain business in Ogden, Utah. Roberts and King desired to purchase said business from Bertram. In order to ascertain the value of the stock of merchandise it was inventoried and was found to be of the value of $4,710.75. Bertram executed a bill of sale for the stock of merchandise and placed it in escrow in a bank in Ogden to be delivered on payment of the sum of $3,710.75 by Roberts and King, that being the amount due on the inventory of the stock; $1,000 having theretofore been paid by Roberts to Bertram as part of the purchase price. Roberts and King, being unable to pay cash for the remainder due on the merchandise, executed two notes to cover said remainder, one for $1,500, and the other for $2,210.75, due in 15 days from July 7, 1913. Roberts and King were, however, unable to pay the notes when they fell due. When Roberts and King purchased Bertram's business or stock of merchandise it was contemplated that they would pay cash therefor, and they also intended to incorporate the business. Articles of incorporation were accordingly drawn up, and Bertram was to take a small amount of stock, but the corporation was never completely organized and never transacted any business as a corporation. When the two notes aforesaid fell due and remained unpaid Bertram repossessed himself of the stock of merchandise and business aforesaid. Matters ran

along for a few days, and until the 1st day of August, 1913, when the three arrived at an apparent settlement, and, pursuant thereto, entered into an agreement in writing signed by all, which reads as follows:

"This agreement by and between N. H. Bertram and Thos. King and Geo. Roberts, Jr. The said Bertram is to refund to the said second parties the sum of $500.00, second parties are to turn over to Bertram at invoice price all the furniture and fixtures and enough goods free from all incumbrances to total the sum of four thousand seven hundred ten dollars and 75/100. Second parties to pay all bills incurred by them. Bertram to receive and pay for all goods in transit. When check records show King and Roberts to have paid all bills then Bertram to release notes now held in escrow in bank. Each party to pay his own attorney's fees and other incidentals connected with stock taking", etc.

From the foregoing agreement it appears that Roberts and King obligated themselves to return to Bertram merchandise, etc., "free from all incumbrances" of the value of $4,710.75. Upon the other hand, Bertram was to refund to Roberts and King the sum of $500, that being one-half of the $1,000 received by the former as part payment of the stock of merchandise purchased by the latter. Roberts and King had thus been carrying on the business from some time in June until the latter part of July, 1913, when Bertram again possessed himself thereof. It was shown that during that time the value of the stock of merchandise turned over by Bertram to Roberts and King had been reduced in value from $4,710.75 to $4,353.81, or $356.94 less than the value that Roberts and King had agreed to deliver to Bertram by their agreement of August 1, 1913. The court found that Roberts and King were also indebted upon other items to which Bertram was entitled, and which arose out of the transactions aforesaid, in the sum of $471.22, which, when added to the sum of $356.94 aforesaid, increased their indebtedness to the sum of $828.16. The court also found that as against that sum Roberts was entitled to a credit of $500, which was the amount Bertram agreed to refund in the agreement of August 1, 1913. When the $500 was credited on the $828.16 it left a balance due

Bertram of $328.16, for which amount the court rendered judgment in his favor.

Roberts alone appeals. While his counsel have assigned numerous errors, yet, in their brief, they confine their argument to a very few propositions. The first one to be considered is that the court erred in its finding and conclusion of law that Roberts, King and Bertram were not partners. There is no merit to that contention. The only basis for the claim that the three were partners is that they contemplated organizing a corporation, which failed of consummation. That, standing alone, would not make the three partners. The stock of merchandise was in fact purchased from Bertram by Roberts and King for their own use and benefit. They alone agreed to pay the purchase price therefor. The contemplated organization of a corporation was, however, also intended for their benefit, and Bertram agreed to take a small amount of the stock that was to be issued only because he had not been paid the purchase price for the merchandise sold. Besides, the agreement of August 1st fixed the extent of the rights and liabilities of the parties thereto, and, in view that that agreement was not assailed upon any legal grounds, it must control. The existence of the partnership, as contended for by Roberts, as a matter of course, would be material only because it would make Bertram liable for his proportion of the debts which the court found were owing by Roberts and King, which, if a partnership existed, would be partnership debts and not the debts of Roberts and King individually. There is, however, absolutely nothing in the record upon which to base the claim of partnership, and the court committed no error in its finding and conclusion of law that no partnership existed.

Counsel for Roberts, however, disagree with both the findings of the referee and those of the court. They contend that the referee erred in not allowing all that Roberts was entitled to, and that the district court further erred in allowing Bertram anything, and in not entering judgment in favor of Roberts. All this is, however, based to a large extent, if not entirely, upon the claim that the parties were partners and liable for losses as such. That claim, as

we have seen, is not tenable. While the difference between the result reached by the referee and that arrived at by the court, at first blush, seems a little extraordinary, yet when the different theories upon which those results are based are even casually examined the difference is easily explained. The difference between the referee and the court amounts to $647.80. Five hundred dollars of the difference is accounted for in the agreement of August 1, 1913. By the terms of that agreement Bertram agreed to refund $500. The referee ignored that provision, and, without any apparent reason therefor, required Bertram to refund the entire $1,000 he had been paid on the purchase price of the stock of merchandise. This was in the very teeth of the agreement itself, and thus, without any legal reason therefor, the agreement in that regard was set aside by the referee. The district court upon the other hand, enforced the agreement, just as the law required. This thus leaves $147.80 as the real difference between the referee's findings and those of the court. This difference is composed of items which it is not necessary to set forth here. Nor is it necessary to set forth the evidence upon which the court based its findings in that regard. It is sufficient to say that the evidence is somewhat in conflict, but that there is ample evidence to sustain the court's findings. Indeed, when all the circumstances are considered the weight of the evidence seems to be clearly in favor of the court's findings and conclusions of law.

The presumption is in favor of the correctness of the court's findings and judgment and the appellant has not overcome that presumption. Hence the judgment should be affirmed, at appellant's costs. Such is the order.

McCARTY and CORFMAN, J. J., concur.