## GRAHAM v. OAKDEN et al.

No. 3122.   Decided December 21 1917.   Rehearing denied February
8, 1918.   (170 Pac. 451.)

1. APPEAL AND ERROR—FINDINGS—REVIEW. A finding of the trial
court in a mortgage foreclosure proceeding contrary to appellant's
contention is conclusive unless there is a clear preponderance of
evidence against such finding. (Page 478.)

2. MORTGAGES—FORECLOSURE—PARTIES. Prior lienors are proper, but
not necessary, parties to an action to foreclose a mortgage.[1] (Page
479.)

Appeal from District Court of Salt Lake County, Third
District; *Hon. Geo. G. Armstrong,* Judge.

Action by Joseph H. Graham against Frances A. Oakden
and others.

Judgment for plaintiff.   Defendants appeal.

AFFIRMED.

*J. M. Bowan* for appellants.

*D. H. Thomas* for respondent.

THURMAN, J.

This is an action to foreclose a mortgage on real property.
A brief chronological history of the case will enable us to
better comprehend the matters in dispute.

Frances A. Green, in her lifetime, was the mother of eight
children, six living and two deceased. Each of the deceased
children left living issue. Frances A. Oakden, defendant, is
one of the six living children. Mrs. Green, by gifts and con-
veyances, distributed her property among her heirs before her

---

[1] *Cain* v. *Parfitt,* 48 Utah, 81, 158 Pac. 448; *Badger Coal Co.* v. *Olsen,*
50 Utah, 307, 167 Pac. 680.

demise, and conveyed to her daughter Frances A. the property in controversy, reserving to herself a life estate. The property so conveyed to Frances A. being more than her just share on account of a dwelling house situated thereon, Mrs. Green had inserted in the deed the following condition:

"And also that said grantee shall pay to the heirs of said grantor a sum of money which shall be determined by three appraisers, is the difference due on account of the house being on said land."

In pursuance of this clause in the deed the premises were duly appraised by three appraisers, and the amount to be paid by Mrs. Oakden to the other heirs was found to be $450. Not having on hand the funds to pay this amount, she borrowed the same from her brother-in-law, Joseph H. Graham, plaintiff herein, giving him her promissory note and a mortgage on the premises in question as security. The mortgage contained the following clause:

"Subject to a life estate and money considerations named in a deed recorded," etc., referring to the deed heretofore mentioned.

The money so borrowed from plaintiff was left in his hands by Mrs. Oakden to pay off the obligation to the other heirs, but the directions given by her as to the persons to whom the money should be paid constitutes the real bone of contention in this case.

Plaintiff contends he was directed to pay the money to the five living children of Mrs. Green, brothers and sisters of the defendant Mrs. Oakden. Mrs. Oakden insists she directed him to pay it to the heirs of Mrs. Green as contemplated in the deed. In any event, plaintiff paid it to the five living brothers and sisters of Mrs. Oakden, giving each the sum of ninety dollars, leaving the children of the two deceased sons of Mrs. Green unpaid. This, Mrs. Oakden contends, left a cloud upon her premises, and she refused to pay the full amount of the promissory note to plaintiff, unless he would agree to pay the children of the deceased sons of Mrs. Green and thereby release her property. This he refused to do. Plaintiff thereafter brought this action to foreclose the mortgage.

The cause was tried to the court, and judgment was entered for plaintiff. Defendants appeal.

Defendants Elmer E. Darling and Robert Alvin Oakden are subsequent incumbrancers to respondent's mortgage. These interests are taken care of in the findings and decree, and will not require further consideration.

Several questions are presented, but, as suggested by appellants in their brief, the whole controversy gathers around the point as to what was the understanding between appellant Frances Oakden and respondent as to the persons to whom he should pay the money. Appellants contend that the duty and responsibility of finding the heirs, paying them off, and thus releasing the premises and removing the cloud, rested upon respondent; that if he failed to do that he would be responsible, at least to the extent of his fail-. ure, and because he did so fail Frances Oakden was justified in refusing to pay the obligation evidenced by the note and mortgage. If the facts warranted this contention of appellants, the conclusion assumed would inevitably follow. But this identical question as to the directions given respondent by Mrs. Oakden concerning the payment of the money, and to whom it should be paid, was submitted to the trial court for its determination, and the court found that issue against appellants and in favor of respondent. While the evidence is conflicting and not by any means conclusive, yet we are far from being convinced that there is a clear preponderance of the evidence against the finding of the court. That is the standard by which our judgment is to be determined in a case of this kind. Concerning the evidence it is sufficient to say there are about an equal number of positive witnesses on each side of the question, but the circumstances seem to predominate in favor of the conclusion arrived at by the trial court. Therefore the assignment of error based upon this contention should not prevail.

This disposes of the whole case, except a question of law which will not be considered.

Appellants in the court below demurred to plaintiff's complaint, and urged the objection that the complaint was defec-

tive in not stating whether or not the life estate referred to in the mortgage had terminated and whether or not the money consideration had been paid or discharged. It is claimed that this showed a defect of parties, and also rendered the complaint ambiguous and unintelligible. Both the life estate and the money consideration referred to in the complaint appear on its face to be liens prior to plaintiff's mortgage, if indeed they are liens at all. It is a fundamental principle in proceedings to foreclose a mortgage that prior lienors or incumbrancers are not necessary parties to the proceedings. They may be proper parties, but not necessary to a valid decree. If they are omitted, the complaint is not demurrable for defect of parties; if they are included, it is not demurrable for a misjoiner. *Cain* v. *Parfit,* 48 Utah, 81 158 Pac. 448; *Badger Coal Co.* v. *Olsen,* 50 Utah, 307, 167 Pac. 680; 27 Cyc. 1563; Jones on Mortgages (7th Ed.), section 1439; 9 Ency. Pl. & Pr. 327. These authorities, and the cases cited in the note, demonstrate that the doctrine is elementary. The complaint was therefore not objectionable for defect of parties; nor does it appear wherein, or how it was ambiguous or unintelligible. The demurrer was properly overruled.

As to whether or not the clauses in the deed and mortgage referred to created a lien or incumbrance on the premises it is not necessary to determine in this opinion. If they did create a lien, it did not affect the question under the authorities cited; if they did not, appellants have no grounds for complaint.

It is ordered that the judgment be affirmed; respondent to recover costs.

FRICK, C. J., and McCARTY, CORFMAN, and GIDEON, JJ., concur.