JENSEN v. JENSEN et al.

No. 4696. Decided July 5, 1928. (269 P. 485.)

*N. J. Harris,* of Ogden, for appellant.

*P. E. Norseth* and *I. A. Huggins,* both of Ogden, for respondents.

HANSEN J.

The plaintiff brought this suit against the defendant Soren Jensen for a divorce. The complaint is founded on cruelty and failure to provide. The defendant Jensen answered, and filed a cross-complaint against the plaintiff. In his cross-complaint Jensen seeks a divorce from the plaintiff on account of her alleged cruelty towards him. The plaintiff answered the cross-complaint, denying any acts of cruelty on her part. The suit was begun on August 4, 1926. On December 8, 1926, a hearing was had on an order to show cause, and the court ordered and directed that the defendant Jensen pay to the plaintiff the sum of $25 per month for her support and maintenance, and that he also pay a further sum of $25 to apply on the fees of plaintiff's attorney. On January 5, 1927, the defendant Emil Roberts secured judgment against the defendant Soren Jensen for the sum of $241.10. The judgment was docketed in Weber county, Utah.

On May 10, 1927, the plaintiff filed an amended and suplementary complaint, in which Emil Roberts was made a party defendant. In both the original and the amended and supplemental complaints the plaintiff asked that the home of the Jensens be awarded to the plaintiff. In the amended and supplementary complaint the plaintiff alleges that she and defendant Jensen are the owners of 3.87 acres of land in Weber county, Utah, that such land and the house located thereon constitute the homestead of the plaintiff and the defendant Soren Jensen, and that therefore the judgment of Emil Roberts so docketed in the district court of Weber county is not a lien against the homestead property. In the amended and supplementary complaint the plaintiff seeks judgment, quieting the title to the 3.87 acres of land, and awarding the same to her free and clear of the judgment of Emil Roberts against Soren Jensen. Defendant Roberts demurred to plaintiff's amended and supplementary complaint. One ground of demurrer is "that sev-

eral causes of action have been improperly united in the complaint." The demurrer was overruled. Roberts answered, denying that the property which plaintiff sought to have awarded to her was the homestead of the Jensens. Upon issues thus joined a trial was had before the court sitting without a jury. Upon the issue of alleged cruelty of defendant Jensen towards the plaintiff, and also upon the issue of plaintiff's claim that Jensen had failed to provide her with the common necessaries of life, the trial court found in favor of the plaintiff, and awarded her a decree of divorce. As affecting the 3.87 acres of land the court found:

(5) "That the plaintiff and the said defendant [Jensen] are the owners of the following described tract of land situated in Burch Creek, Weber county, Utah, to wit: A part of the southeast quarter of section fifteen (15) in township five (5) north, range one (1) west, Salt Lake Meridian, U. S. survey, beginning at a point 14.91 chains south and 1.03 chains east from northwest corner of said quarter section, running thence south 5.09 chains, thence east 5.97 chains, thence north 7.87 chains, thence south 65 deg. west 6.58 chains, to the place of beginning, containing 3.87 acres of land more or less."

(6) "That the said real estate was purchased about 1919, and was paid for from the joint earnings of the said parties with the help of the plaintiff's grown children, the deed being taken in the name of the said defendant [Jensen]; that the full value thereof does not exceed the sum of $1,000, and that it is incumbered by a mortgage thereon in the sum of $200; that the said property was purchased for use as a home by said parties, and was paid for by installments during their occupancy, and was so occupied by them until said defendant left home in January, 1926, after which the same was actually occupied by the plaintiff as a home until later, when she was taken sick and had to be removed to Ogden, Utah, for treatment and attention; that part of plaintiff's furniture is still in the said dwelling house, and that the same is still claimed as a home by the plaintiff herein; that neither of said parties have any other real estate, and at no time since said marriage have they or either of them owned any real estate, or any interest therein, other than that hereinabove described."

(13) "That on or about the 5th day of January, 1927, the defendant Emil Roberts obtained a judgment against the defendant Soren

Jensen in the city court for Ogden, Utah, for the sum of $241.10, which said judgment was docketed in the district court for Weber county, Utah, on the 31st day of January, 1927; that the said judgment has not been paid, and that by reason thereof said defendant Roberts now claims a lien upon the said real estate owned by said parties and now standing in the name of the defendant Soren Jensen, and hereinbefore in these findings described."

The trial court awarded plaintiff an undivided one-half interest in and to the real estate described in her complaint. Upon the claimed lien against the property of the Jensens by the defendant Emil Roberts, by reason of his judgment, the court ordered, adjudged, and decreed:

"That the court does not pass upon the question of the validity of the lien claimed by the defendant Emil Roberts by reason of the judgment obtained in his favor and against the defendant Soren Jensen; that the court hereby reserves the question as to whether said judgment constitutes a lien upon and attaches to the real estate hereinbefore described, and claimed by said plaintiff to constitute the homestead of herself and Soren Jensen, said question to be passed upon and determined by the court whenever, if at all, said Emil Roberts should attempt to enforce the same by execution or otherwise."

The plaintiff prosecutes this appeal from the decree of divorce. The appeal is upon the judgment roll.

Errors are assigned by the plaintiff in the following particulars: (1) The court erred in failing and refusing to enter judgment quieting title to the 3.87 acres of land, in so far as such property may be affected by the judgment of Emil Roberts against Soren Jensen. (2) The court erred in failing to require the defendant Soren Jensen to pay alimony to the defendant, and erred in failing to enter judgment requiring the defendant Soren Jensen to pay the alimony of $25 per month awarded to her in the order of December 8, 1926. (3) The court erred in failing to enter judgment awarding to plaintiff the title to the whole of the 3.87 acres of land, instead of an undivided one-half interest therein.

Neither of the defendants has assigned any cross-errors on this appeal. The order overruling the demurrer of the defendant Emil Roberts is not before us for review, and therefore we do not pass upon the merits of that demurrer.

Upon the issues joined by the plaintiff's complaint and the answer of the defendant Roberts, the court found that:

"The said property was purchased for use as a home by said parties, * * * was actually occupied * * * as a home, * * * and is still claimed as a home by the plaintiff."

No error is assigned, attacking these findings of fact, and no bill of exceptions containing the evidence adduced at the trial upon these issues is before us. In such case the parties are bound by the findings of fact. Under the provisions of Comp. Laws Utah 1917, § 2898, as amended by Laws Utah 1923, c. 71, p. 142:

"A homestead consisting of lands and appurtenances, * * * not exceeding in value with the appurtenances and improvements thereon the sum of $2,000.00 for the head of the family, and the further sum of $750.00 for his wife, and $300.00 for each member of his family, shall be exempt from judgment lien."

The court having found that the real estate involved in this suit is all of the real property owned by the Jensens, that its value is not to exceed $1,000 and that it is claimed by the plaintiff as her home, it follows that the court should have made a conclusion of law in conformity with the findings of fact, and entered a decree adjudging that the 3.87 acres of land are free and clear of the claim of the defendant Emil Roberts that his judgment is a lien upon such property.

It appears from the trial court's findings of fact that the plaintiff and defendant intermarried on August 6, 1916; that the plaintiff had been married twice prior to her marriage with the defendant; that she had living children, the issue of a former marriage, but no children were born

of her marriage with the defendant; that the defendant is 60 years of age and is able to do manual labor; that he has been earning from $3.25 to $7.25 per day; that neither the plaintiff nor defendant Jensen had any income, except what they earned by their labors; that the only property owned by the Jensens was the home and some furniture; that the defendant Jensen has not paid any sum whatsoever, either to apply upon alimony or as attorney's fees, in compliance with the court's order of December 8, 1926; that after the marital troubles between the Jensens began the defendant Soren Jensen removed and sold the following property, which had therefore been used in and about their home: A gasoline engine, a power saw, a centrifugal pump, used for the purpose of irrigating the home property, and a poultry wire fence surrounding the premises; that the plaintiff has a weak heart, and she is not able to perform heavy manual labor. Upon substantially these facts the plaintiff contends that she is entitled to a more liberal property settlement than that awarded to her by the trial court.

We are of the opinion that there is merit in her contention. It appears from the findings of fact that the plaintiff is the equitable owner of an undivided one-half interest in the home, independent of the decree of divorce. The furniture awarded to the plaintiff was, in part at least, her own property, independent of the decree of divorce. It appears from the findings of fact that the defendant Soren Jensen was able to pay from his wages the temporary alimony awarded to the plaintiff, but the decree of divorce makes no provision for the payment of the same. Upon the record before us we are of the opinion that the conclusions of law and decree of divorce should be amended in the following particulars: That the plaintiff should be awarded the home, subject only to the mortgage thereon; that the defendant Soren Jensen should be required to pay the mortgage upon the home in lieu of his failure to pay the temporary alimony awarded by the court; that the title to the home should be quieted in the plaintiff as to the claim

of a lien by Emil Roberts by reason of his judgment against the defendant Soren Jensen. It is therefore ordered that this cause be and the same is remanded back to the court below, with directions to amend the conclusions of law and decree of divorce in accordance with the views herein expressed.

Appellant is awarded costs.

THURMAN, C. J., and CHERRY, STRAUP, and GIDEON, JJ., concur.