## DAHLBERG v. DAHLBERG

No. 4908.   Decided October 9, 1930.   (292 P. 214.)

158

*E. A. Rogers* and *A. A. Duncan,* both of Salt Lake City, for appellant.

*J. M. Carlson,* of Salt Lake City, for respondent.

STRAUP, J.

This action was one for a divorce. On a trial of the case a judgment was rendered in favor of the plaintiff on the ground of cruelty. She appeals from that part of the judgment relating to the division of the property and alimony for her support. The appeal is on the judgment roll without a bill of exceptions. There is thus before us only the pleadings, the findings, and the judgment. The contention is that upon the findings as made what was awarded the plaintiff was not adequate or equitable.

The findings, so far as material, are that the parties, both residents of Salt Lake county, Utah, were married in November, 1901, and ever since and until the commencement of this action in October, 1928, lived together as husband and wife; four children were born to them, the issue of the marriage, two sons of the ages of 26 and 24 years and two daughters of the ages of 21 and 19 years, the older son and the younger daughter residing with the plaintiff and the defendant when the action was commenced; the older daughter theretofore just recently married. The court further found: "That for more than ten years last past the defendant has been and still is guilty of cruel treatment of the plaintiff to the extent of causing her bodily injury and great mental distress, and more particularly as follows: That the defendant has a violent and ungovernable temper, and during all of said time has habitually and persistently abused the plaintiff by calling her vile names and addressing her with profane and indecent language and in an insulting and insolent manner; that the defendant during all of said time has manifested by his actions and his words the greatest hatred of the plaintiff and has told her repeatedly that he hated her; that the said abuse of the plaintiff by the de-

fendant has been in the presence of the children and in the presence of others and has caused her and still causes her great humiliation and mental distress and has injured her health to such an extent that she is now on the verge of a nervous breakdown; that the constant abuse of the plaintiff by the defendant is such that it is impossible for them to continue to live together as husband and wife."

The court also found that the defendant was the owner of a described tract of land consisting of about seven and one-half acres, located in Salt Lake County, approximately one-half thereof being in an orchard and on which is located a dwelling in which the parties resided, a barn, chicken coop, and other outbuildings; and which, together with the improvements, was of the value of $6,000; that the real estate was acquired in 1902 at which time there was no orchard and only a small frame house on the real estate; that later one-half of the land was planted in an orchard and a modern six-room brick residence constructed upon it and which was completely furnished; that the plaintiff resided on the property continuously from the time it was acquired, and "by her efforts as a wife of the defendant and by her work upon said property aided the defendant in the acquisition and development and improvement of the same"; that the defendant also was the owner of a "Ford truck, Model 1921, a Ford sedan, Model 1923, a radio of the value of $150, a cow, 170 chickens, 4 tons of hay, 1 horse, 1 pig, 20 rabbits, a piano, a victrola and a washing machine"; that the plaintiff was 53 years of age, in very poor health and unable to do any work, except the lightest kind of house work; and had no property or income of her own; that the defendant was 57 years of age and "in good, strong bodily health"; that the defendant was absent from the state during the years 1923 and 1924, spent three months in Europe and the rest of such period worked in and around the city of Chicago, and during all of such period "contributed nothing to the plaintiff."

The court further found and stated as conclusions of law "that the plaintiff was entitled to a decree of divorce; that

$2,000 was a reasonable sum to be paid to the plaintiff in settlement of her property rights and that $10 per month was a reasonable sum to be paid in addition thereto by the defendant to the plaintiff for support money, and that a reasonable amount of the personal property to be awarded the plaintiff was the sedan, the piano, the victrola, the washing machine, the bed room set of the plaintiff with the necessary bedding, one-half of the table ware, one-half of the dishes and one-half of the table linen;" that $200 was a reasonable attorney's fee to be awarded plaintiff and to be paid by the defendant; that the defendant was permitted to mortgage the real estate to raise the $2,000 to be paid by him.

A decree was entered accordingly decreeing the real estate together with all the improvements thereon to the defendant in fee simple; that the defendant was authorized to mortgage the real estate for $2,000 with which to pay the plaintiff, and adjudged that the alimony awarded in the sum of $10 a month be a lien on the real estate subject to the mortgage of $2,000. The decree was entered in May, 1929. The $2,000 was to be paid June 10, 1929.

It is the contention of the plaintiff that, in view that the parties had been married and lived together for more than a quarter of a century, reared a family, acquired all of the property possessed by them through their joint efforts, that all of the real estate and personal property possessed by them, though held in the name of the defendant, was just as much her property as that of her husband, that the real estate and the dwelling on it constituting their homestead, that she was in ill health and unable to do any kind of work except the lightest house work and had no property or income of her own, the defendant in good health, the divorce granted plaintiff on the ground of cruelty impairing her health and rendering it impossible for the plaintiff longer to live with the defendant, an equitable division of the property required that she be awarded at least one-half of the value of the joint property; and that she was not awarded

such a proportion of it, but in effect was given only about one-third thereof.

In opposition to that it is the contention of the defendant that as a general rule in divorce cases only about one-third of the husband's property is awarded to the wife; and that, where an award or allowance has been made by the trial court, it on appeal will not be disturbed, except on a showing of a gross abuse of discretion, or that the allowance was "grossly excessive or grossly inadequate," which, as contended by the defendant, is not here shown. To support that, the defendant cites and relies on *Griffin* v. *Griffin*, 18 Utah 98, 55 P. 84; *Blair* v. *Blair*, 40 Utah 306, 121 P. 19, 38 L. R. A. (N. S.) 269, Ann. Cas. 1914D, 989; and *Cawley* v. *Cawley*, 59 Utah, 80, 202 P. 10.

Such stated rule is disputed by the plaintiff, who urges that the kind of division or the amount of an allowance to be made is dependent upon the facts, circumstances, and conditions of each particular case, and, if upon a consideration of them the division or allowance as made by the court below is inequitable or unjust, this court is justified, and it is its duty to interfere, and that, to do so, it is not essential to show an abuse of discretion in the court below, that it is enough, if upon the record presented that the court below erred in making the division or allowance and that equity and justice require an interference and a modification thereof. To support that, the plaintiff cites and relies on *Read* v. *Read*, 28 Utah 297, 78 P. 675; *Pinney* v. *Pinney*, 66 Utah 612, 245 P. 329; *Stewart* v. *Stewart*, 66 Utah 366, 242 P. 947; *Jensen* v. *Jensen* (Utah) 269 P. 485; *Bullen* v. *Bullen* (Utah) 262 P. 292; *Decker* v. *Decker*, 279 Ill. 300, 116 N. E. 688, 692; *Van Gordor* v. *Van Gordor*, 54 Colo. 57, 129 P. 226, 227, 44 L. R. A. (N. S.) 998; *Kennard* v. *Kennard*, 81 N. H. 509, 129 A. 725; and *Hooper* v. *Hooper*, 102 Wis. 598, 78 N. W. 753, 44 L. R. A. 725.

We think the rule contended for by the plaintiff is the correct rule, and is in line with the later cases from this

jurisdiction. Of course, the rights and equities of both parties are to be considered, but, whatever doubt there may be concerning the matter, it ought to be resolved against the guilty party whose fault and wrongs and breaches of the marital relation destroyed the home and forced or brought about the separation.

In *Decker* v. *Decker,* supra, the court said:

"It is also a rule of equity in such cases that the wife shall not be put in a worse condition by reason of her marriage, the dissolution of which has been caused by her husband's willful misconduct. 'Equity and good conscience require that the husband shall not profit by his own wrong, and that restitution shall be made to the wife of the property which she brought to the husband, or a suitable sum in lieu thereof be allowed out of his estate, so far as may be done consistently with the preservation of the rights of each, and also that a fair division shall be made, taking into consideration the relative wants, circumstances and necessities of each, of the property accumulated by their joint efforts and savings.' "

The court there further stated:

"After the equities of the parties in the property are adjusted, then the husband should be caused to pay or not to pay a further sum for support and maintenance in money payments at stated intervals, according to whether or not the wife is equitably entitled to further payment after a consideration of all the facts that enter into a proper solution of that question."

In *Van Gordor* v. *Van Gordor,* supra, the court said:

"Upon the law of the case, natural justice requires that at least one-half of the property, representing the joint accumulations of husband and wife for a lifetime, should go to the wife, where she obtains a decree of divorce through the fault of the husband. Where, as in this case, the husband and wife have lived together until she is unable to perform hard labor, and have, by their joint labor, management and economy, acquired property sufficient to support them both comfortably when living together, certainly when the wife is forced by the misconduct of the husband to seek separation, she ought to receive sufficient property to support her comfortably, living alone, without reference to her ability to work and contribute to her own support."

The question thus is as to whether on the facts found the division and allowance were equitable and just. As to that, a divorce proceeding being an action in equity, the parties, under our ·Constitution, are entitled to our judgment, as well as that of the trial court. Constitution of Utah, art. 8, § 9; *Clawson* v.. *Wallace,* 16 Utah 300, 52 P. 9; *North Point C. I. Co.* v. *Utah & S. L. Co.,* 16 Utah 246, 52 P. 168, 40 L. R. A. 851, 67 Am. St. Rep. 607; *Campbell* v. *Gowans,* 35 Utah, 268, 100 P. 397, 23 L. R. A. (N. S.) 414, 19 Ann. Cas. 660; *Beatty* v. *Shelly,* 42 Utah, 592, 132 P. 1160; *Utah, etc., Savings Bank* v. *Fox,* 44 Utah, 323, 140 P. .660; *Mayer* v. *Flynn,* 46 Utah 598, 150 P. 962; *Roberts* v. *Bertram,* 49 Utah 280, 163 P. 787; *Graham* v. *Oakden,* 51 Utah, 476, 170 P. 451; *Steed* v. *Steed,* 54 Utah 244, 181 P. 445; *Gee* v. *Baum,* 58 Utah 445, 199 P. 680; *Warner* v. *Tyng Warehouse Co.,* (Utah) 265 P. 748; *Holman* v. *Christensen,* (Utah) 274 P. 457; *Jensen* v. *Howell* (Utah) 282 P. 1034, 1037.

In the case last cited, we said:

"This case is one in equity. In this jurisdiction the binding effect of findings of the trial court in law cases is different from that in equity cases. In the former, the findings, as a general rule, are approved if there is sufficient competent evidence to support them, and, ordinarily, are not disturbed, unless it is manifest that they are so clearly against the weight of the evidence as to indicate a misconception, or not a due consideration of it. In the latter, our duty and responsibility in approving or disapproving findings when challenged are more comprehensive. In such case, on an appeal and a review on questions of both law and fact, and on a challenge of findings, the review in effect is a trial de novo on the record. On such a review, if, after making due allowance as to the better opportunity of the trial court to observe the demeanor of witnesses, of determining their credibility and the weight of their testimony we on the record nevertheless, are persuaded that a challenged finding is against the fair preponderance or greater weight of the evidence, or not supported by it, we disapprove it and make or direct a finding or remand the case for further proceedings; otherwise, we affirm it."

The statement of the rule as there made is but a restatement of it as frequently announced in the prior cited cases

and as it is in other cases often was applied in reviewing and considering fact findings in equity cases without any express statement of the rule.

In this case there was no bill of exceptions, and thus the evidence is not before us. In such case the fact findings of course are unassailable. Upon them the trial court granted a decree of divorce, made a division of the property, and granted the plaintiff alimony. The complaint is that the court on the facts as found had not made an equitable division of the property and had not given the plaintiff sufficient allowance. If, as repeatedly held by this court, that in an equity case when the evidence is brought up the parties are entitled to our judgment, not only as to the law, but also as to the facts, it necessarily follows that on undisputed and unchallenged findings of fact the parties also are entitled to our judgment as to whether the conclusions and decree as rendered upon the findings were such as required by equity between the parties in view of the undisputed findings of fact. Indeed, the latter presents more a question of law than of fact, and, even in a law action, we, in some instances, might well be required to determine and direct the kind of judgment that should be rendered on unchallenged findings of fact. In the complaint it is alleged that the value of the property was $6,000 and that the annual income therefrom was $2,000. In the answer it is alleged that the value was only $4,000, and the annual income only $600. The court found the value to be $6,000 as alleged by the plaintiff, but failed to find what the annual income was. It probably was somewhere between the amounts alleged by the parties. It is apparent that the plaintiff, in ill health and unable to do any work and no income of her own, cannot support herself on the allowance of $10 a month, nor with the interest on $2,000 in addition. It is argued by respondent that the principal and the allowance will comfortably support the plaintiff for five or six years. Within that time, the defendant, with frugal management and industry, ought to be able to pay off the mort-

gage. To do that, he will have the use and income of all of the joint property, not only the interest which he has therein, but also that which the plaintiff has in and to the property, and when he has paid off the mortgage he has the whole of the property as decreed him. Under the facts found we think the interest of the plaintiff in and to the whole of the property accumulated by and through the joint efforts of the parties was equal to that of the defendant. The property evidently was not susceptible of division so as to properly protect the rights of both parties. Doubtless the defendant, better than the plaintiff, can work and operate the property to the best advantage of both. The plaintiff, nevertheless, was entitled to an interest in value equal to that of the defendant. We think that was not awarded her. She was given only about a one-third interest. It is argued that the defendant, however, is required to mortgage the property for $2,000 with which to pay the amount awarded the plaintiff. But he is given property found to be of the value of $6,000, half of which in equity belonged to the plaintiff, with which to do that, and has the use and income of the whole property with which to pay off the mortgage. If the property as found is of the value of $6,000, and no complaint is made of that, the defendant can sell it for that amount, pay the plaintiff $2,000, and have $4,000 left. A more equitable division well could have required the defendant to pay the plaintiff in a lump sum more than $2,000. Since, however, the defendant, as made to appear, is required to mortgage the real estate to pay whatever lump sum he is required to pay, we have concluded to let stand the award as so made, and to increase the monthly alimony payments to $20 a month instead of $10 a month. In other respects, the judgment as so modified is affirmed.

Plaintiff also asks for additional counsel fees for the prosecution of this appeal. In view that she already has been awarded $200 for counsel fees, that no bill of exceptions was required to be prepared and have settled, no abstract

to be made, and that substantially the only work required to be performed by her counsel on the appeal was the preparation of a brief, we shall allow an additional fee of only $60 to be paid by the defendant to the plaintiff. We also require the defendant to pay the plaintiff her costs on this appeal, which consist of a filing fee in this court of $12 and the taxable cost of printing a fourteen-page brief.

The case is therefore remanded to the district court, with directions that the judgment be modified as herein indicated.

ELIAS HANSEN and FOLLAND, JJ., concur.

CHERRY, C. J. (dissenting).

I am unable to agree to the prevailing opinion.

There is no exact standard by which the property rights and provisions for future support of divorced persons of limited means may be determined. It is a difficult and delicate matter and calls for the exercise of a wide discretion and sound practical judgment. Allowance must always be made for the sustenance of the guilty husband, and the requirements imposed upon him kept within the bounds of his ability, lest the provisions for future support be defeated. Many factors enter into the consideration of the matter which cannot well be expressed in general findings of fact. For example, here there is no finding of the value of the personal property divided nor of the probable income of the real estate, nor of the earning ability of the defendant. These important facts are left to speculation.

Under our law, in such cases, appeals lie upon the facts as well as the law, but even when the evidence is brought up the findings of the trial court are disturbed only when they are without support in, or are against, the manifest weight of the evidence. And when, as here, the appeal is upon the findings alone, without the evidence, this court should not substitute its judgment for that of the trial court, unless the judgment of the trial court is against the findings, or it affirmatively appears that the decision is clearly unjust

and inequitable. To give the wife a sum of money equal to one-third the value of the real estate, a substantial amount of personal property, including an automobile, a radio, and a piano, the value of which do not appear, and to impose upon the husband the obligation to pay $10 per month for the support of his wife for an indefinite time, with no finding of his earning ability when it appears that the property of the husband consists of a small farm or orchard worth $6,000, which will be incumbered by a mortgage of $2,000, and a lien for the support money, is not a division of property and provision for future support so inequitable and unjust as to call for interference by this court. Indeed, the change ordered by the majority opinion is well within the bounds of discretion which ought to be readily allowed the trial judge. I think the decree should be affirmed.

EPHRAIM HANSON, J.

I concur in the views expressed by Mr. Chief Justice Cherry in his dissenting opinion.