**John L. McDONALD, Plaintiff and Appellant,**

v.

**Georgia R. SHAW, Acting Director of Driver License Division, Department of Public Safety for the State of Utah, Defendant and Respondent.**

**No. 15299.**

Supreme Court of Utah.

July 12, 1978.

---

**3.** 383 P.2d 862, 863 (1963).

**6.** *State v. Maestas,* Utah, 564 P.2d 1386, (1977).

Robert M. McRae and Robert J. Haws, Salt Lake City, for plaintiff and appellant.

Robert B. Hansen, Atty. Gen., Bruce M. Hale, Asst. Atty. Gen., Salt Lake City, for defendant and respondent.

ELLETT, Chief Justice:

Mr. McDonald appeals from a judgment of the trial court holding that he had unreasonably refused to submit to a chemical test for sobriety and suspending his license to drive a car for a period of one year.

There is no transcript of the proceedings brought before us and so we must hold that the findings of the trial court are supported by the evidence.[1] The findings of fact are unassailable where there is no transcript for us to consider.

The findings of the trial court were:

That the arresting officer had reasonable grounds to believe the plaintiff was driving under the influence of intoxicants.

That the plaintiff unreasonably refused to submit to a chemical test to determine the alcoholic content of his blood pursuant to the laws of the State of Utah.

Since those findings cannot be disputed, we look to the law to see if the court properly ordered the suspension of the appellant's license. Our statute[2] provides that when a motorist is arrested and the arresting officer has reasonable grounds for believing the motorist to be under the influence of intoxicating liquor, the officer shall determine within reason which chemical test shall be given to determine sobriety, and if the motorist unreasonably refuses to take the test his license may be revoked. The statute also provides that one who operates a motor vehicle in the state is deemed to have given consent to a chemical test of breath, blood or urine.

In his brief the appellant argues that he refused to take the breath test requested by the officer because he did not regard it as being reliable. Since there is no record to substantiate the statement made in the brief, it cannot be considered as a defense to the matter. In fact it is the duty of the officer to determine, within reason, which test is to be administered. If the motorist is dissatisfied with the test given, he is at liberty to have any private test given him which he desires. There is nothing in the record, however, to indicate that the test chosen was unreasonable.

Even if the appellant had refused to take the breath test, but was willing to take a blood test and even if the blood test was available, the appellant would not be justified in refusing to take the proffered test.[3] In the case of *Elliott v. Dorius*,[4] a case

1. *Dahlberg v. Dahlberg*, 77 Utah 157, 292 P. 214 (1930).

2. U.C.A., 1953, Sec. 41–6–44.10 amended by L.U.1977, Ch. 268, Sec. 4.

3. *Moran v. Shaw*, Utah, 580 P.2d 241 (Dec. May 25, 1978).

4. Utah, 557 P.2d 759 (1976).

similar to the instant matter this Court said:

A person may not unilaterally determine one of the tests designated in subsection (a) of 41–6–44.10 to be unreliable; then, on that alone, claim his refusal to submit to such test was with reasonable cause.

The trial court ruled correctly and the judgment is affirmed.

CROCKETT and WILKINS, JJ., concur.

HALL, J., concurs in result.

MAUGHAN, Justice (concurring in the result, with comment):

In concurring in the result I wish to add the following: Contrary to the statement made in the main opinion, our statute 41–6–44.10 provides, "The arresting officer shall determine *within reason* which of the aforesaid tests shall be administered." (Emphasis supplied.) Here, it appears the officer made such determination within reason.