LILA READ, Respondent, v. CHARLES READ, Appellant.

### No. 1583.   (78 Pac. 675.)

1.   Divorce: Alimony: Discretion of Court.
   The awarding of alimony and the fixing of the amount thereof rest in the discretion of the court, and, in the absence of an abuse of discretion, its judgment will not be disturbed on appeal.

2.   Same.
   In determining the question of alimony, the amount of property owned by the husband, his ability and opportunity to earn money, the health of the parties, their station in life, and the amount and kind of the wife's property should be taken into consideration by the trial court.

3.   Same: Amount.
   In a suit for divorce it appeared that the property of the wife consisted of a half interest in a dwelling house valued at $16,000, from which little revenue was derived, together with mining stock, the income from which was fluctuating. Her health was poor, and she had no means of support except that derived from her property.   The husband was in

good health, and could earn from $250 to $300 per month, and owned property worth about $10,000. *Held*, that an allowance to the wife of $70 a month as alimony was not excessive.

4.  **Same: Authority of Court to Alter Amount Awarded.**
Revised Statutes 1898, section 1212, which declares that subsequent changes may be made by the court in respect to the distribution of property in decrees for divorce, authorizes the court to make such change in the amount of alimony awarded a wife in a decree for divorce as will be just to both parties, in view of their changed condition.[1]

(Decided December 2, 1904.)

Appeal from the Third District Court, Salt Lake County,—*Hon. W. C. Hall*, Judge.

Action for divorce. From the part of the decree awarding alimony, the defendant appealed.

AFFIRMED.

*Messrs. Sutherland, Van Cott & Allison* for appellant.

*Messrs. Stephens & Smith* for respondent.

The findings of fact by the trial court will not be set aside unless made clearly against the preponderance of the evidence. Henderson v. Adams, 15 Utah 30, 168 U. S. 573; McCornick v. Mangum, 20 Utah 20; Hannaman v. Karrick, 9 Utah 236; Dooly Blk. v. Transit Co., 9 Utah 31: Whitesides v. Green, 13 Utah 341; Watson v. Mayberry, 15 Utah 265; Blish v. McConick, 15 Utah 188; McKay v. Farr, 15 Utah 261; Dwyer v. Mfg. Co., 14 Utah 339; Short v. Pierce, 11 Utah 29.

---

[1] Whitmore v. Hardin, 3 Utah 121, 1 Pac. 465.

STATEMENT OF FACTS.

Plaintiff brought this action to obtain a decree of divorce on the ground of desertion. The facts in the case are about as follows: Plaintiff, who is 37, and defendant, who is 57, years of age, intermarried September 12, 1888, and ever since said marriage have resided in Salt Lake City, Utah. No children have been born of said marriage. Defendant is engaged in mining, and is employed by two different mining companies, each of which pays him a monthly salary of $100. In addition to the compensation thus received as salaries, he is occasionally employed as an expert to examine mines, for which in the past he has received on an average of $100 per year. He speculates quite extensively in mines and mining stocks, and has made some money in that business. At present he is one of the executors of a large estate, from which he will be entitled to receive as compensation for his services, when the estate shall have been closed and settled, something over $1,200, and, according to his own admission and that of his counsel, may receive twice that amount. He owns a ranch in Boise Valley, State of Idaho, consisting of 370 acres with a water right sufficient for the needs of the ranch. The ranch cost him $3,000, but there is evidence in the record that he valued it at $25 per acre. Defendant, however, testified, that he would accept $2,500 for the entire ranch. He owns a third interest in a piece of real estate in Salt Lake City valued at from $3,000 to $4,000, and is the owner of capital stock in various mining companies, which stock, according to his own testimony, aggregates in value about $4,000, but the testimony of plaintiff shows that before the separation he placed a much higher valuation on the mining stock than that given by him at the trial. At the time of the separation his indebtedness consisted of an overdraft at the bank of $130, which has since, as a result of certain speculations in which he engaged, increased to $2,-

240. Plaintiff is the owner of, and has in her own name, the following property: One-half interest in certain real estate upon which there is a modern dwelling house of 11 rooms, situate in Salt Lake City. This entire property, a half interest of which was given to plaintiff by defendant at the time of their marriage, is valued at about $16,000. Plaintiff also owns 50 shares of the capital stock of the Daly-West Mining Company, which stock at the time of the trial was worth $1,875, from which she received a monthly dividend of $32.50. She owned other mining stocks valued at $3,750, making the total valuation of her property $9,912.50. Her entire indebtedness at the time of the trial was $433. The record shows that residence property, such as that owned by plaintiff, pays but a very low interest on the capital represented by the investment, and frequently no revenue whatever is derived from the property. The trial court awarded plaintiff a decree of divorce on the ground of desertion, and in addition to the property claimed by her, and hereinbefore enumerated, gave her a portion of the household furniture. The court found generally "that the solvent credits of defendant are about equal to the value of plaintiff's property." and further found "that defendant is an able-bodied man, and has an earning capacity and is able to earn from $250 to $300 per month," and "that $70 per month is a reasonable sum to be paid to plaintiff by defendant as her alimony until further order of the court, subject to the change as provided by law." A decree was entered in conformity with the foregoing findings. From that part of the decree awarding alimony, defendant appeals.

McCARTY, J., after stating the facts, delivered the opinion of the court.

The only question presented by this appeal is, did the court err in allowing respondent alimony? The awarding of alimony and fixing the amount thereof are

questions, the determination of which rests within the sound discretion of the trial court; and, unless it is made to appear that there has been an abuse of discretion on the part of the court in dealing with one or both of these questions, its judgments and orders granting and fixing the alimony will not be disturbed.

In determining these questions, the amount of property owned by the husband, his capabilities and opportunities for earning money, the health of each, and their respective ages, the station in life in which the wife has been accustomed to live, and the amount and kind of her own property, will be taken into consideration by the court. 2 Bishop, Marriage & Divorce, 1006. By an examination of the foregoing facts, it will be seen that, aside from the dividends received on her mining stock, which are fluctuating and very unstable, respondent has no other means except that derived from her interest in the costly residence referred to in the statement of facts, which are wholly inadequate for her support. The record shows that her health is poor, and that she has no means of support other than that derived from her property, whereas the appellant is now, and for years past has been, receiving salaries amounting to $200 per month, and, in addition to the funds just received, has made money in other ways, which, with his salaries, enabled him for two or three years next preceding the seperation of himself and wife (October 21, 1902), to pay the traveling expenses of his wife and grown daughter, who, according to the evidence, "traveled a great deal," and also at the same time to furnish and maintain a home for himself, wife and daughter, all of which cost him from $300 to $600 per month. Under these circumstances, we do not think the court erred in finding that the earning capacity of the appellant is from $250 to $300 per month. Nor do we think the court erred in finding that the value of his property is equal in value to that of the property owned by respondent, as there is ample evidence in the record to support the finding. In fact, there is evidence

which tends to show the value of his property to be much greater than that found by the court.

We are of the opinion, taking into consideration the respective ages of the parties, and the amount and kind of property owned by each, that $70 per month alimony is a liberal allowance; but we do not think, in view of all the circumstances in the case, that it is excessive. Should appellant be thrown out of employment, or for any legitimate reason be unable to pay the amount now fixed by the court, the court may, in the exercise of its sound judicial discretion, under section 1212, Rev. St. 1898, make such order in the premises as will be just and equitable to both parties. Whitmore v. Hardin, 3 Utah, 121, 1 Pac. 465.

The judgment of the district court is affirmed; costs to be taxed against appellant.

BASKIN, C. J., and BARTCH, J., concur.