## BLAIR v. BLAIR.

No. 2281.   Decided January 16, 1912 (121 Pac. 19).

1. DIVORCE—ALIMONY—AWARD—DISCRETION.   Under Comp. Laws
1907, sec. 1212, as amended by Laws 1909, chap. 109, provid-
ing that, on granting a divorce, the court may make such
order in relation to the children, property, parties, and main-
tenance of the parties and children as shall be equitable, the
awarding and fixing the amount of alimony are matters with-
in the discretion of the trial court, which will not be dis-
turbed in the absence of a clear showing of abuse.[1]   (Page 309.)

2. DIVORCE—ALIMONY—AMOUNT—DISCRETION OF COURT.   In deter-
mining the amount of alimony, the court may consider all the
circumstances, so that where it was shown that, while the
property of the husband was worth about $40,000, it con-
sisted of farming lands, and was not very productive, and
was accumulated by the husband before the marriage, an al-
lowance of $4500 as permanent alimony is not so inadequate
and inequitable as to justify reversal on the ground of abuse
of discretion.     (Page 309.)

3. DIVORCE—ATTORNEY'S FEES.   Where, though a husband in a di-
vorce action was possessed of $40,000 worth of property, the
proceedings extended over less than two months and the ac-
tual trial took less than two days, an award of $200 for the
fee of the wife's attorney was proper.   (Page 310.)

4. DIVORCE—DECREE—APPOINTMENT   OF   TRUSTEE   FOR   ALIMONY.
Where a wife did not ask for the appointment of a trustee
for alimony granted in divorce, and is not shown to be a
spendthrift, a decree appointing such a trustee is improper,
though it might be for her best interests.   (Page 311.)

APPEAL from District Court, Second District; *Hon. J. A.
Howell,* Judge.

Action by Julia C. Blair against Preston A. Blair.

Judgment for plaintiff.   Plaintiff appeals from that part
of the decree relating to the amount of alimony, attorney's
fees and the appointment of a trustee.

[1] Read v. Read, 28 Utah, 297, 78 Pac. 675.

Modified and affirmed.

*Valentine Gideon* for appellant.

*A. G. Horn* for respondent.

FRICK, C. J.

The appellant brought this action praying for a divorce, custody of her infant child, and alimony. The facts found by the court which are not assailed, and which must therefore be taken as true by us, are, in substance, as follows:

That appellant and respondent were married in Ogden, Utah, July 5, 1906, and that they, at the commencement of this action, and for many years prior thereto, were residents of Weber County, Utah; that respondent for "the past two years had willfully neglected to provide the plaintiff with the common necessaries of life, and that the plaintiff has been compelled to and has supported herself by her own personal efforts," although respondent was abundantly able to provide her with the necessaries of life out of his own means and property, which is of the value of $40,000; that the fruit of said marriage is one male child, which is of the tender age of eleven weeks, and for that reason the care and custody thereof is awarded to appellant; that she has no means or property of her own, and is dependent upon her relatives and her own efforts to support herself and said child; that at the time of said marriage respondent was a widower, having a family of ten children, and the property owned by him as aforesaid was all accumulated by him before he married the appellant through the efforts of himself and that of his former wife and the children aforesaid; that none of said children is now dependent upon respondent for support, except one girl of the age of seventeen years, who lives with him on his farm near Ogden, Utah; that the best interests of both parties require that a sum in gross be fixed to be paid by respondent to appellant as permanent alimony; that the sum $4500 is an equitable and just amount as permanent alimony; that it is to the best

interests of appellant that said sum be paid to a trustee for her use and benefit; that fifteen dollars per month is a sufficient amount to be paid by respondent to appellant for the support and maintenance of said minor child during his minority; that, after appellant and respondent were married, he gave her twenty-one shares of the capital stock of a certain corporation, which stock was of the value of $2000, all of which she retained, except the sum of $375 which she returned to respondent; that for about seven months immediately after the marriage appellant and respondent lived together as husband and wife on respondent's farm near Ogden, Utah, and that thereafter appellant with the money realized from the capital stock aforesaid entered into mercantile business in Ogden upon her own account, and subsequently in Ely, Nev.; that said business required about all of her time, returning to her home on the farm during the nighttime only, and that she was unsuccessful in said enterprises and failed in business; that appellant, after she failed in said mercantile enterprises, conducted a real estate business in Ogden, and as a bookkeeper and stenographer earned money with which she supported herself without any aid or assistance from respondent; that $200 is a reasonable attorney's fee for appellant's counsel. The evidence also discloses that respondent at the time of the trial was fifty-nine years of age, and that appellant was twenty-seven years younger than he. Upon substantially the foregoing facts the court granted appellant's prayer for a divorce and entered an interlocutory decree of divorce in her favor as provided for by our statute, awarding her the care and custody of her minor child, and decreeing that respondent for her use and benefit shall pay to a trustee to be agreed upon by the parties, or, in case they cannot agree, to be appointed by the court, the sum of $4500 in cash as and for permanent alimony; that respondent also pay during the minority of the child, or until the further order of the court, the sum of fifteen dollars per month payable monthly to appellant for the support of said child, and

that he further pay the sum of $200 as an attorney's fee to appellant's counsel, together with the costs of the action.

The appeal is from those portions of the decree only which relate to the amount of the alimony, the amount of attorney's fee, and the appointment of a trustee.

Counsel for appellant vigorously contends that, in view of the finding that respondent possessed property of the value of $40,000, the sum allowed appellant as permanent alimony is disproportionate and inade-    1, 2 quate. Our statute relating to the subject of property rights, so far as material, reads as follows:

"When an interlocutory decree of divorce is made, the court may make such order in relation to the children, property, parties and maintenance of the parties and children as shall be equitable." (Comp. Laws 1907, sec. 1212, as amended by Laws 1909, p. 233.)

In passing upon the subject of alimony, this court, speaking through Mr. Justice McCarty, in *Read v. Read,* 28 Utah, 297, 300, 78 Pac. 675, 676, says:

"The awarding of alimony and fixing the amount thereof are questions the determination of which rests within the sound discretion of the trial court; and, unless it is made to appear that there has been an abuse of discretion on the part of the court in dealing with one or both of these questions, its judgment and orders granting and fixing the alimony will not be disturbed. In determining these questions the amount of property owned by the husband, his capabilities and opportunities for earning money, the health of each, and their respective ages, the station in life in which the wife has been accustomed to live, and the amount and kind of her own property, will be taken into consideration by the court."

To the foregoing statement we can add nothing except to say that the courts, under certain circumstances, may also take into consideration the character of the husband's property; that is, whether it is productive or not, and whether the wife has assisted him in its accumulation or otherwise. The law as above stated is supported by the authorities. (2 Bishop, Marriage & Divorce, 1006; 2 Nelson on Divorce & Separation, secs. 912-916, and cases there cited.) While respondent's property is found to be of considerable value,

yet the court also finds that all had been accumulated by respondent before the marriage. It also is made to appear that the property in question consists principally of farming lands and improvements thereon, and is not very productive. Moreover, the parties only lived together a comparatively short period of time, and were wholly unsuited to each other by reason of the disparity of their ages, habits, and dispositions. We are not prepared to say that, under the circumstances, the amount allowed as permanent alimony is so inadequate and inequitable as to justify us in disturbing the judgment of the trial court upon the ground that it has abused the discretion vested in it by our statute and the general law upon the subject.

What has been said with regard to the court's discretion in fixing the amount of alimony in a large measure also applies to fixing the attorney's fee. In this case there was practically no contest upon the main issues. **3** The action was commenced on the 21st day of April, 1911, and the answer was filed on the 3d day of May following. A trial followed on the 22d day of May, 1911, and the findings of fact and decree were filed and entered on the 16th day of June, 1911. The trial commenced on the 22d, and was concluded on the morning of the 23d day of May. There is nothing in this case, except that respondent is the owner of $40,000 worth of property, from which one would conclude otherwise than that the court had not only not abused its discretion in allowing the $200 as attorney's fee, but that it made a liberal allowance in view of all the facts and circumstances. We think the judgment of the trial court with respect to the amount allowed for attorney's fee under the circumstances is supported by the great weight, if not by all of the authorities. (See 2 Nelson, Divorce & Separation, sec. 879, and cases there cited.)

To sustain the court's action in appointing a trustee for appellant is more difficult. No one asked for the appointment of a trustee, and, so far as the record discloses, there is no adequate cause made to appear why the court should interfere with appellant's own methods in dealing

with her property. The court's conclusion that it is **4**
for the best interests of appellant that the alimony
be paid to a trustee, in view of the undisputed facts, is
wholly insufficient to warrant an interference on the part
of the court with appellant's property rights. It might
truthfully be found with regard to many of us that it would
be to our best interests to have some capable business man
conduct our financial affairs, yet no court would, for that
reason, be authorized to interfere with our property rights
or to intermeddle in our private affairs. So long as appellant is mentally competent and does not come within the
rule of being a spendthrift, she should be permitted to conduct her own affairs, although it were conceded some one
else might do better than she. We find nothing in this
record to justify that portion of the decree appointing a
trustee.

The judgment and decree is therefore modified in the
following particular, to wit: That portion of the decree
relating to the appointment of a trustee for appellant is
hereby vacated and set aside, and in all other things such
judgment and decree is affirmed. The cause is, however,
remanded to the district court of Weber County, with directions to eliminate from said decree that portion which
relates to the appointment of a trustee to whom the alimony
awarded to appellant is to be paid, and to order said alimony
paid to appellant or to her attorney of record, and to enforce
said decree as modified. For the reason that it is made to
appear that appellant is without means of her own, respondent is required to pay the costs of this appeal.

MCCARTY and STRAUP, JJ., concur.