## BULLEN v. BULLEN

No. 4535. Decided November 1, 1927. As Modified January 4, 1928.
(262 P. 292.)

*George Q. Rich,* of Ogden, for appellant.

*George C. Heinrich,* of Logan, for respondent.

CHERRY, J.

The plaintiff brought this action against defendant for a divorce upon the grounds of cruelty, for the custody of the four minor children of the parties, for a division of property, and for alimony for the support of plaintiff and her children. After a trial the court granted a decree of divorce to the plaintiff as prayed for, and pursuant to the stipulation of the parties disposed of the four minor children by awarding the custody of three of them to the plaintiff and one to the defendant. With respect to a division of property and alimony, the court decreed to plaintiff household furniture of the value of $600, and required the defendant to pay as alimony for the support of plaintiff and the three minor children awarded to her custody the sum of $75 per month. The defendant was also required to pay $200 attorney's fees for the plaintiff's attorneys. From the judgment plaintiff has appealed. The chief complaint of the appellant is that the division of property and provision for the support of the plaintiff and the children awarded to her custody, as made by the trial court, was unjust and inequitable.

The established facts in the case which bear upon the question are that the parties were married in 1909, at which time the plaintiff was 17 years of age and the defendant a few years older. They lived together at Richmond, Utah, for about nine years, during which time there were born to them four children, one of whom died. In 1918, a separation occurred, and the plaintiff commenced an action for divorce. About this time another child was born. The action for divorce was dismissed at the solicitation of the defendant and upon his promise to support the plaintiff and her children. For five years thereafter they lived separate and apart from each other at Richmond, Utah. During this period the defendant furnished a house and contributed $60 per month for the support of his wife and children. In 1923, the plaintiff and four children, with the consent and approval of the defendant, removed to Logan. There a reconciliation took place, and they lived together for about two years, when their troubles broke out afresh and they again separated. The defendant took with him one of the children, a boy 12 or 13 years of age, and returned to Richmond, leaving the plaintiff with the other three children, a girl about 16, a girl 10, and a boy aged 8 years, living at Logan. Thus the family was situated at the time of the trial. The decree awarded the custody of the children to the parents, respectively, with whom they were then living.

There was undisputed evidence that the reasonoble cost of supporting the plaintiff and her three children at Logan was about $120 per month, and that the plaintiff was able to and did earn about $20 per month by sewing. The plaintiff had no property of her own. The defendant's property, as found by the court, consisted of a house and lot in Richmond, Utah, of the value of $2,250, a 100-acre tract of land in Lewiston, Utah, of the value of $15,000, a 101.38-acre tract of land in Lewiston, Utah, of the value of $7,000, and personal property consisting of horses and farming machinery of the value of $1,500, and household furniture of the value of $600. A Packard automobile owned by defendant,

costing $3,000, and upon the purchase price of which the defendant owed $600, was omitted from the court's findings. The defendant's indebtedness amounted to $5,100.

The court found that the average annual income from the defendant's real estate, after the payment of taxes and expenses, has been and is $1,350, and that none of the real estate had been acquired through the joint efforts of plaintiff and defendant, but that all of the same came to defendant by gift or inheritance from his father.

After finding upon the evidence that the defendant had treated plaintiff with such cruelty as to entitle her to a divorce (which finding is not challenged by defendant), and disposing of the custody of the children as above stated, the court awarded to plaintiff household furniture of the value of $600 and required the defendant to pay her $75 per month, until the further order of the court for the support of herself and three children, without setting apart to her any of the defendant's real estate, or otherwise dividing the property, except to impress a lien upon the most valuable tract of real estate to secure the payment of the alimony decree.

The question to be decided is whether upon the foregoing facts the decree of the trial court relating to the division of property and the maintenance of the parties and children can be upheld.

Comp. Laws Utah 1917, § 3000, provides that upon granting a divorce the court may make such order in relation to the property and the maintenance of the parties and children as shall be equitable. ■

The matter of disposing of the property and providing for the support of divorced persons and their children rests in the sound legal discretion of the trial court, reviewable only for abuse of discretion. *Read* v. *Read*, 28 Utah 297, 78 P. 675; *Blair* v. *Blair*, 40 Utah 306, 121 P. 19, Ann. Cas. 1914D, 989, 38 L. R. A. (N. S.) 269; *Stewart* v. *Stewart*, 66 Utah 366, 242 P. 947.

It was held by this court in *Griffin* v. *Griffin*, 18 Utah 98, 55 P. 84, that dissolution of a marriage by divorce being analogous to its dissolution by death, a general rule for the allowance of alimony is the customary one-third of the husband's property, or one-third of his income. But in *Blair* v. *Blair*, supra, where the husband's property was worth $40,000, an award of $4,500 to the wife, who was granted a divorce for her husband's willful neglect to support her, was held, under the circumstances, not to be so inadequate and inequitable as to justify a reversal on the grounds of abuse of discretion. And in *Stewart* v. *Stewart*, supra, where the husband obtained a divorce from his wife and there was real property somewhat in excess of $1,250 standing in their joint names, but for which the husband had paid the purchase price, a decree which awarded the real estate to the husband and $250 to the wife was held inequitable and unfair to the wife and was reversed with directions to divide the real property equally between them. These cases illustrate the proposition that no general rule can govern all cases, but that the property disposition must be varied with the peculiar circumstances of each case.

Under the facts and circumstances of the case at bar, we have come to the conclusion that the allowances to the plaintiff were inequitable and unjust to the ■ plaintiff to such a degree as requires a modification by this court.

With due regard to the fact that the defendant's real estate came to him by gift or inheritance from his father, and that the burden of supporting himself and children will continue to rest upon the defendant, we think the circumstances of the case fully justify an order and decree requiring the defendant to transfer to the ■ plaintiff the dwelling house property in Richmond, or in lieu thereof to pay her the sum of $2,250. With respect to the allowance for the support of the plaintiff and the three children awarded to her custody, we think, under the circumstances of the case, in view of the financial

ability of the defendant and the reasonable necessities of the wife and children, that the sum awarded is insufficient and inadequate.

It is ordered that the decree appealed from be modified by requiring the defendant to transfer to the plaintiff the dwelling house property in Richmond, Utah, referred in the pleadings and decree, or in lieu thereof to pay her $2,250, the value thereof, and that the defendant be required to pay to the plaintiff, for the support of herself and the three minor children awarded to her custody, the sum of $100 per month instead of $75 per month, commencing July 1, 1926, and continuing until the further order of the district court. The payment of alimony shall be secured by a lien upon the real estate described in the original decree. The defendant is also required to pay the notes for $3,150 principal, referred to in the evidence, and executed jointly by himself and plaintiff, and as between the parties hereto, the plaintiff is relieved and discharged from all liability on account thereof. In other respects the decree is affirmed. The cause is remanded to the district court with directions to modify its decree accordingly. Appellant to recover costs.

THURMAN, C. J., and GIDEON, STRAUP, and HANSEN, JJ., concur.