ANDERSON v. ANDERSON.

No. 6563.   Decided June 4, 1943.   (138 P. 2d 252.)

See 27 C. J. S., Divorce, sec. 159; 17 Am. Jur., 431.

*B. C. Call,* of Brigham, for appellant.

*George C. Heinrich,* of Logan, for respondent.

LARSON, Justice.

Plaintiff brought this action in the lower court for divorce on the ground of cruelty, and defendant counterclaimed for

divorce on the same ground, asking also temporary alimony, suit money and permanent alimony or a property settlement. From a judgment in favor of plaintiff on all questions, defendant appeals.

Plaintiff, a bachelor, 66 years of age, advertised in a Logan paper for a wife, the advertisement reading,

"Wanted: by well-to-do bachelor, a middle-aged woman, preferably Scandinavian. Object courtship and marriage, write particulars to Lonesome, Box 215, Logan, Utah."

Defendant answered this advertisement, and after about a year of courtship, during which time defendant went to plaintiff's home in Smithfield a number of times, she married plaintiff in Preston, Idaho, on August 25, 1941. This marriage lasted for only five days, and then in a quarrel over whether defendant's married daughter, Ruth, and her infant, should come and live with them, defendant became angry and returned to Logan. She has not since lived with plaintiff.

Defendant makes twelve assignments of error, which may be considered under three different headings: First, whether the lower court erred in refusing to issue an order to plaintiff to show cause why he should not pay temporary alimony, suit money and attorney fees, both on the trial below and upon appeal. Second, whether the trial court erred in giving judgment in favor of plaintiff on his complaint. Third, whether the lower court erred in giving judgment against defendant on her counterclaim, and denying her permanent alimony or a property settlement. We note them in order.

In *Mann* v. *Morrison*, 102 Utah 282, 130 P. 2d 286, we held that upon a proper application, an order to show cause in cases of this kind should issue as a matter of course. It then becomes merely a question as to whether a sufficient application was made, in order to determine whether the lower court was in error in denying petition for an order to show cause. In the instant case it would

serve no useful purpose to examine the affidavits in support of the motion, to see whether a sufficient showing was made, as there is no showing that the refusal to grant the order was prejudicial. Defendant was represented by able counsel, had her witnesses in court, and presented her case in the lower court, and her appeal has been prosecuted to this court. Defendant makes no showing as to how she was prejudiced by the lower court's refusal to issue the order to show cause. Had she brought a proceeding for a writ of mandamus to compel the issuance of the order before trial, or did the record show that the presentation of her case might have been prejudiced by the refusal, we would make a determination of the sufficiency of allegations to require the order, as in *Mann* v. *Morrison,* supra. We find no prejudicial error requiring reversal on that account, and so shall not determine whether or not a proper showing was made.

This court has many times set out the scope of review in cases of this kind. In *Steed* v. *Steed,* 54 Utah 244, 181 P. 445, 447, the court said:

> "This is an equity case, however, and plaintiff is entitled to our judgment on the evidence. If, therefore, the court's finding is clearly against the evidence, it is our duty to make or to direct findings in accordance with the evidence. This, it must be remembered, however, is a divorce proceeding in which the state or society is interested. * * * While ordinarily, if the complaining party makes out a case under the statute, the court should grant a divorce, yet there may be conditions and circumstances under which the chancellor should exercise at least a sound discretion in granting or withholding relief and in determining the extent thereof. Under such conditions the facts and circumstances of the particular case should be permitted to control the chancellor's conclusions."

In other words, this is a statement of the generally accepted equity rule of review, slightly modified in the special situation of divorce cases, so that every case must, in part, be decided on its own peculiar facts.

At the outset, it must be conceded that if the matters alleged in the complaint, actually took place, it would be sufficient grounds of cruelty to warrant granting a divorce to

plaintiff. While the evidence is conflicting, the court found the allegations to be true. There is sufficient evidence to support such findings of the trial court.

It must be remembered that the lower court saw the witnesses and in a case of this kind much could be determined from their demeanor, and the way in which they answered the questions put to them in court. There were certain inconsistencies in the testimony of defendant. From this and from the trial court's observation of witnesses' demeanor the trial court determined that her testimony was not entitled to the same credibility as plaintiff's. As we have only the cold record before us, we cannot say that the lower court was in error in this conclusion. We affirm the findings of the lower court on issues presented by plaintiff's complaint.

The last question for consideration is whether the trial court erred in its judgment against defendant on her counterclaim, and in denying her permanent alimony or a property settlement.

Regarding the counterclaim for divorce, there is a conflict in the testimony, and what we have said above in that regard applies here also. There is sufficient evidence to support the finding of the lower court against defendant on this question, and we approve it. In other words, defendant failed to prove her case.

As to the failure to grant alimony or a property settlement, this court has said that the granting of alimony, and distribution of property in a divorce action, rests within the sound discretion of the trial court, and on appeal review will be made of the action, but the decree modified only when there is an abuse of that discretion and the award is not legally sound. *Stewart* v. *Stewart*, 66 Utah 366, 242 P. 947; *Adamson* v. *Adamson*, 55 Utah 544, 188 P. 635; *Pinney* v. *Pinney*, 66 Utah 612, 245 P. 329; *Bullen* v. *Bullen*, 71 Utah 63, 262 P. 292; *Blair* v. *Blair*, 40 Utah 306, 121 P. 19, 28 L. R. A., N. S., 269, Ann. Cas. 1914D, 989; *Friedli* v. *Friedli*, 65 Utah 605, 238 P. 647; *Pinion* v. *Pinion*, 92 Utah 255, 67 P. 2d 265, 267. In the case at bar, defen-

dant lived with plaintiff for only five days, and she contributed nothing to any of the property of which she now seeks a share. What services she did render to plaintiff during the brief period of their marital bliss (cleaning the house and putting up fruit) might be characterized as de minimus non curat lex. Defendant has been in no way injured on account of her marriage—she has lost nothing, and her chances of obtaining a more suitable mate have not been lessened. She is in no different position, neither better nor worse off, than before the marriage, unless she be wiser for the experience. As said by Mr. Justice Wolfe in *Pinion* v. *Pinion,* supra, it is merely a "misadventure in matrimony." The basis and reason for allowing alimony to the wife is to repay her for the years spent in caring for the household, and helping the husband in building up his property, and to enable her to live, after the support of the husband is taken away from her; or in certain cases to recompense her as far as material recompense will do so for injuries or abuse to her person or impairment of health brought on by conduct or cruelty of the husband during coverture. Since in the present case, nothing was contributed by the wife, and nothing lost by her on acount of the marriage, we cannot say that it was an abuse of discretion for the court to refuse a property settlement or alimony, and we affirm its action in that regard.

We find no error in the judgment of the trial court, and the same is affirmed. Each party to bear their own costs.

WOLFE, C. J., and McDONOUGH, MOFFAT, and WADE, JJ., concur.