Howard Hitchings WALTHER,
Plaintiff and Appellant,

v.

Celeste J. WALTHER, Defendant
and Respondent.

No. 19018.

Supreme Court of Utah.

Nov. 1, 1985.

Richard B. McKeown, Salt Lake City, for plaintiff and appellant.

Frank M. Wells, Ogden, for defendant and respondent.

ZIMMERMAN, Justice:

This is an appeal by Howard Walther from that part of a divorce decree which awarded his wife, Celeste Walther, $5,000 for pain, suffering, and future medical expenses, and $2,000 towards her costs and attorney fees. We reverse the award for pain, suffering, and future medical expenses and affirm the award of costs and attorney fees.

The parties were married in Utah on December 5, 1978. In August of 1980, the husband filed for divorce, alleging in his complaint that his wife treated him cruelly and caused him great mental distress. The wife initially answered and counterclaimed in October. She subsequently filed an amended answer and counterclaim, adding an additional cause of action for physical abuse by her husband on March 30, 1980, and seeking damages for injuries she sustained as a result of that incident. After a bench trial, the court awarded the wife the lump sum of $5,000 to compensate her for future medical expenses necessary to relieve pain and suffering caused by the March 30, 1980, incident.

On appeal, the husband challenges this award as constituting a damage award for tortious conduct that should not have been considered in a divorce action. Relying upon *Anderson v. Anderson,* 104 Utah 104, 138 P.2d 252 (1943), the wife asserts that the court properly considered this counterclaim. That case is inapposite.

There the court suggested that in certain cases, alimony might be awarded to compensate a spouse "for injuries or abuse to her person or impairment of health brought on by conduct or cruelty of the husband during coverture." *Id.*, 104 Utah at 109, 138 P.2d at 254. This language means nothing more than that injuries and attendant medical expenses may be considered in determining an appropriate alimony award. The case did not address the propriety of awarding damages on a separate tort claim in a divorce action. In the instant case, however, the wife's claim was clearly framed in tort. In the second cause of action in the counterclaim, the wife stated a claim for battery and alleged that she had suffered general damages at the hand of her husband in the amount of $75,000.

In *Lord v. Shaw*, Utah, 665 P.2d 1288 (1983), we observed:

[T]he trial court held that the plaintiff was barred by res judicata from suing her ex-husband for torts which occurred during the marriage, because his liability for any tort should have been litigated in the divorce action. We do not comment on this ruling other than to observe that actionable torts between married persons should not be litigated in a divorce proceeding. We believe that divorce actions will become unduly complicated in their trial and disposition if torts can be or must be litigated in the same action. A divorce action is highly equitable in nature, whereas the trial of a tort claim is at law and may well involve, as in this case, a request for trial by jury. The administration of justice will be better served by keeping the two proceedings separate.

*Id.*, 665 P.2d at 1291 (citation omitted). The trial court should not have tried the wife's tort claim as part of this divorce action. That part of the award is therefore vacated.

■ The husband also challenges the trial court's award of "$2,000 as partial restitution of [the wife's] costs and attorney's fees." This challenge is without merit. Utah law allows the court to award either party costs and attorney fees in a divorce action. U.C.A., 1953, § 30–3–3 (1984 ed.). The award must be based on the need of the party and the reasonableness of the fees awarded, a matter largely left to the discretion of the trial court. *Kerr v. Kerr*, Utah, 610 P.2d 1380, 1384 (1980); *Beals v. Beals*, Utah, 682 P.2d 862 (1984). An award of attorney fees should not be overturned absent a clear showing that the trial court abused its discretion. *Burtt v. Burtt*, 59 Utah 457, 465, 204 P. 91, 94 (1922).

■ There is ample evidence to establish that the wife needed assistance and that the amount awarded was reasonable. The court found that the husband instituted the divorce proceedings, requiring his wife to hire an attorney. The husband was very well supported by his family. The wife, on the other hand, had worked for only four months before the couple separated.

The wife's attorney charged her $3,000 in fees; the court awarded her only two-thirds of that amount. The wife's attorney proffered testimony that he charged $75 per hour and had spent in excess of $3,000 worth of time, but felt that $3,000 was a reasonable fee. The husband's counsel stipulated to that testimony, did not cross-examine the wife's counsel on the reasonableness of the fee charged, and offered no other evidence on the matter. The husband cannot now complain of the reasonableness of the amount awarded. *See Associated Industrial Developments, Inc. v. Jewkes*, Utah, 701 P.2d 486, 488–89 (1984).

Vacated in part and affirmed in part.

HALL, C.J., and STEWART, HOWE and DURHAM, JJ., concur.